JOHN H. LAW, by his Guardian ad Litem, PHILLIS LAW, Appellant, *v.* WILLEY J. P. KINGSLEY, Respondent.

*Personal injuries caused by a defect in a sidewalk — no right of recovery against the owner of the abutting lot — when the municipality is alone liable.*

A municipal corporation is liable to persons using its streets or sidewalks where injury results from its neglect to keep them in a proper state of repair, notwithstanding the fact that a duty to repair such sidewalks is imposed upon the property owners in front of whose premises the injury occurs.

Where a duty is imposed by its charter upon a municipality, in which an accident occurs, to keep its streets in good and safe condition, an action is not maintainable against a lot owner to recover the amount of damages sustained by a person who, in consequence of a defect in a sidewalk in front of his lot was thrown down and injured; under such circumstances the primary duty of constructing sidewalks and keeping them in repair rests upon the municipality, and it alone is liable to persons injured through defects therein.

APPEAL by the plaintiff, John H. Law, by his guardian *ad litem,* Phillis Law, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 20th day of March, 1894, upon the dismissal of the complaint directed by the court after a trial at the Oneida Circuit before the court and a jury.

*Sayles, Searle & Sayles.* for the appellant.

*J. S. Baker,* for the respondent.

MARTIN, J. :

This action was brought to recover damages alleged to have been caused by the negligence of the defendant in omitting to keep the sidewalk on a street adjoining his lot in the city of Rome, N. Y., in proper repair, whereby the plaintiff fell and was injured. The plaintiff was nonsuited. It was conceded that when it was originally built, the walk where the injury occurred was properly constructed. Hence, the only ground upon which the plaintiff claimed to recover was, that the defendant had neglected to keep the sidewalk in a proper state of repair.

On the trial the plaintiff proved that the defendant owned the premises adjoining the street or sidewalk where the injury occurred ;

that it was included in the corporation tax district of the city ; that the walk was built by him thirteen years before, and had been used as one of the public sidewalks of the city since that time, and that while passing over it in 1893 the plaintiff's foot was caught between the boards of the walk, he fell and broke his left arm. As there was no evidence in the case to show that the sidewalk was not built by the direction of the common council of the city of Rome, it is to be presumed that it was made under the direction and with the knowledge and consent of the city, rather than that it was constructed without authority or was a public nuisance, especially as the city had acquiesced in its use for more than twelve years before the injury occurred.

Assuming, as we think we must, that this sidewalk was properly constructed under the direction or by the consent and acquiescence of the city of Rome, the authorities cited by the appellant relating to cases of public nuisance or wrongful interference with a street have no application. Therefore, the only question here presented is whether, if this sidewalk was constructed under the direction, with the knowledge, acquiescence or consent of the city, the defendant was liable to the plaintiff for any injury he sustained by reason of its being out of repair. It seems to be well settled that a municipal corporation is liable to persons using its streets or sidewalks, for damages arising from a neglect to keep them in a proper state of repair, notwithstanding the fact that a duty to repair such sidewalks is also imposed upon the property owners in front of whose premises the injury occurs. (*Russell* v. *Village of Canastota,* 98 N. Y. 496 ; *Pettengill* v. *City of Yonkers,* 116 id. 558 ; *Saulsbury* v. *Village of Ithaca,* 94 id. 27 ; *Bullock* v. *Mayor, etc., of New York,* 99 id. 654 ; *Pomfrey* v. *Village of Saratoga Springs,* 104 id. 459 ; *Jewhurst* v. *City of Syracuse,* 108 id. 303.)

Section 1 of title 6 of the charter of the city of Rome, as amended by chapter 49 of the Laws of 1871, declares : " The common council shall be commissioners of highways in and for the portion of said city included in the ' corporation tax district,' and shall have all the powers and discharge all the duties of commissioners of highways in the towns of this State, subject to the provisions of this act. They shall also have power within said limits to make and maintain crosswalks, and to regulate, repair, amend,

clean and prevent the incumbering of the streets, alleys, highways, bridges, side and crosswalks, drains, sewers, wharves, piers and docks; to compel every person to clean the snow, ice and dirt from off the sidewalks and waterways, and to sweep and clean the side- walks, waterways and street in front of the premises owned or occu- pied, in whole or in part, by such person, and to keep such sidewalk in good repair, and to direct the removal of dirt from the streets, and to enforce the above by suitable ordinances and penalties."

Section 15 of the same title, as amended by chapter 384 of the Laws of 1881, provides: "It shall in all cases be the duty of the owner of any lot or piece of land within the 'corporation tax district' to keep the sidewalk adjoining his lot or piece of land in good repair, and also the duty of every owner or occupant to remove or clean away snow or ice or other obstruction from such sidewalk, and to keep half the street or alley adjoining the same free from obstruction or obstacle. The city of Rome shall not be liable for any injury caused from such sidewalks being out of repair or unlawfully obstructed or dangerous from snow or ice, unless actual notice of the unsafe or dangerous condition thereof has, prior to such injury, been given to the mayor or common council. The superintendent of streets shall have power to repair any sidewalk when the owner of the property shall neglect to repair the same for five days after written notice so to do has been served on him personally or at his residence, if his residence be known and he live in the city, or otherwise by being left on the premises, and no ordinance for the same need be passed or notice be published or posted. The superintendent of streets shall also have power to clean any sidewalk from snow, ice or other obstruction, where the same shall have remained for twenty-four hours. The street superintendent shall have the power to collect the expenses of any such work or repair from the owner of the property, and he shall send such owner, if his address be known, a bill of the amount thereof. The expense of such cleaning may be collected from either the owner or occupant of the property in like manner. If such expense is not paid, the street superintendent shall file his affi- davit showing in detail the actual cost thereof, and the property in front of which the work, repairing and cleaning was done, with the city chamberlain, and he shall add the amount thereof, with interest at fifteen per cent from the time such affidavit was filed, to the

amount assessed against such land for the next general city tax, and the whole amount of such assessment shall be collected as is provided in reference to general city taxes."

In *City of Rochester* v. *Campbell* (123 N. Y. 405), where the plaintiff's charter in all its essential particulars is like that of the city of Rome, it was held that an action was not maintainable against a lot owner to recover the amount of a judgment against the city for damages sustained by one who, in consequence of a defect in the sidewalk in front of such owner's premises, had been thrown down and injured; that, as a duty was imposed upon the municipality by its charter to keep its streets in good and safe condition, and so, through its common-law liability, abundant indemnity was provided for any damages caused by defective streets, the purpose of the provision was not the protection of the public or individuals, but to furnish the municipality, by a proper distribution of burdens, the means of discharging its duties, and that the lot owner could only be made liable for any expense the corporation incurred in making the necessary repairs. In that case it was also held that the primary duty of constructing sidewalks and keeping them in repair rested upon the municipality, and that it alone was liable to persons injured by reason of defects therein. See, also, *Avery* v. *City of Syracuse* (29 Hun, 537); *Village of Fulton* v. *Tucker* (3 id. 529); *Moore* v. *Gadsden* (93 N. Y. 12); *Wenzlick* v. *McCotter* (87 id. 127); Dill. Mun. Corp. (§ 1012); *Hill* v. *City of Fond du Lac* (56 Wis. 242); *Knupfle* v. *Knickerbocker Ice Company* (84 N. Y. 488); *Weller* v. *McCormick* (47 N. J. L. 397); *Kirby* v. *Boylston Market Association* (14 Gray, 249); *Flynn* v. *Canton Co. of Baltimore* (40 Md. 312); *Heeney* v. *Sprague* (11 R. I. 456); *City of Hartford* v. *Talcott* (48 Conn. 525); *Eustace* v. *Jahns* (38 Cal. 3); *Jansen* v. *City of Atchison* (16 Kans. 358); *State* v. *Gorham* (37 Maine, 451); *Keokuk* v. *District of Keokuk* (53 Iowa, 352); *Taylor* v. *Lake Shore & M. S. Ry. Co.* (45 Mich. 74), which are cited by RUGER, Ch. J., in *The City of Rochester* v. *Campbell* (*supra*) as sustaining the doctrine of the non-liability of the lot owner to travelers or municipalities. In the further discussion of this question the court said: "We have thus referred at length to many of the cases holding the non-liability of the lot owners, for the reason that there seems to have been

quite a common impression, in which judges and lawyers have shared, that abutting owners are in some way liable to an injured party for damages occasioned from their neglect to keep sidewalks in repair when that duty is in any way enjoined upon them. It seems to us that there could never have been any logical cause for such impression, and it seems it has no foundation in the reported cases. Any other conclusion than that reached by us would, we think, be most unfortunate, as it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty, upon those who might be utterly unable to discharge it. It would tend directly to demoralize the public service and lead to disorder, decay and impassability of the public highways." The principle of these cases renders it quite manifest that the plaintiff cannot maintain this action, and that the court properly granted the defendant's motion for a nonsuit.

*Robinson* v. *Chamberlain* (34 N. Y. 389), and other kindred cases cited by the appellant, which, in effect, hold that a public officer, or person engaged to perform the duties of a public officer, is liable for negligence or malfeasance to any one sustaining special damage in consequence thereof, have no application here.

The judgment must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.