### KREBS v. HEITMANN et al.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

MUNICIPAL CORPORATIONS—DUTY TO REPAIR SIDEWALK.

The owner of property in a city is under no obligation to repair the sidewalk in front of his premises.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1592, 1685.]

Appeal from Special Term, Kings County.

Action by John A. Krebs against Claus Heitmann and others. From a judgment sustaining defendant Heitmann's demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Frederick W. Sparks, for appellant.

Louis Salant (Carl Schurz Petrasch, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for personal injuries due to a defective sidewalk, and an accumulation of ice thereon; joining as defendants the city of New York, Claus Heitmann, the owner of the premises abutting upon the highway where the accident occurred, and the latter's tenant, Richard Bottmann. The cause of action is alleged in the same language against each of the three defendants, and the city of New York has answered. Mr. Heitmann demurs to the complaint upon the ground that it does not, as to him, state facts sufficient to constitute a cause of action, and the learned court at Special Term has sustained the demurrer. The plaintiff appeals from the interlocutory judgment entered upon the decision of the court.

The complaint, aside from the facts showing the relation of the several parties to the premises and the highway, alleges that:

"On and before the said 25th day of February, 1904, the defendants, the city of New York, Claus Heitmann, and Richard Bottmann, disregarding their duty, negligently and carelessly permitted the said sidewalk of said Cornelia street, near the junction of Central avenue, to be improperly and dangerously constructed and maintained, and to remain in an unsafe and dangerous condi-

tion, in that they allowed a portion of the said sidewalk to sink and cave in, and to form a hollow in said sidewalk about four inches in depth, six feet in length, and four feet in breadth, all of which the defendants, the city of New York, Claus Heitmann, and Richard Bottmann, had notice, or by reasonable inspection thereof might have had notice. That on or about the 25th day of February, 1904, and on numerous occasions prior thereto, the defendants, the city of New York, Claus Heitmann, and Richard Bottmann, carelessly and negligently suffered water to collect in said hollow, and ice to form therein, in front of said premises No. 180 Cornelia street, so as to be dangerous to persons passing along said street; said hollow being a source of constant danger to the citizens of the city of New York and others who were in the lawful use of said sidewalk, all of which, the defendants, the city of New York, Claus Heitmann, and Richard Bottmann, had or might have informed themselves, and to have made the said sidewalk safe, before the occurrence of the accident herein mentioned."

This is followed by the allegation as to the happening of the accident through the negligence of the defendants, and without fault on the part of the plaintiff.

There is no allegation that the defendant Heitmann was charged with any duty in respect to the highways of the city of New York by statute or otherwise, and no affirmative act on his part which might constitute a nuisance is alleged. The complaint proceeds against him upon the apparent theory that he owed the plaintiff, in respect to this sidewalk, the same duty that is imposed by law upon municipal corporations which are given control of the streets within their jurisdiction, while, as a matter of law, the defendant Heitmann owed no other duty than to refrain from doing any act affirmatively which should render the highway dangerous; and, in the absence of some fact showing that the defendant Heitmann had violated a duty which he owed to the plaintiff, there is no cause of action stated. No obligation to repair streets or sidewalks rests upon the lot owners at common law, but the duty so to do, if any, arises out of the statutory obligations imposed by the state or municipality upon them. City of Rochester v. Campbell, 123 N. Y. 405, 412, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. And there is in this case no allegation that any such duty had been imposed upon the owners of abutting property. In the case above cited, and which is recognized as authority in Tremblay v. Harmony Mills, 171 N. Y. 598, 602, 64 N. E. 501, it was held that, even where the ordinances of the city required the abutting owners to clean the walks, a neglect of that duty did not impose a liability upon the lot owner who had failed to act, because, as the court say, "There is nothing in this statute showing that the duty of repairs was imposed upon the lot owners for the benefit of the public generally, or any particular class of individuals." If the complaint had alleged that the defendant Heitmann, by some affirmative wrongful act, had caused the sidewalk to be broken down, or if it had alleged that the defendant Heitmann had wrongfully conducted water into this depression from his premises, and had thus created a nuisance, it would have stated a good cause of action; but the respondent occupies a very different relation to the sidewalk in question from that of the municipality, and he cannot be held liable upon the same theory, as is clearly recognized in Tremblay v. Harmony

Mills, 171 N. Y. 602, 64 N. E. 502, in distinguishing City of Rochester v. Campbell, supra. The plaintiff, if he has a good cause of action, is abundantly protected in his rights by an action against the municipality (City of Rochester v. Campbell, 123 N. Y. 414, 25 N. E. 939, 10 L. R. A. 393, 20 Am. St. Rep. 760); and, having failed to distinguish between the relations of the defendant Heitmann and the city of New York to the plaintiff, he must abide the rule of law as established by authority.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.