(91 Misc. Rep. 481)

### SEGAL v. EHRMAN.

(City Court of New York, Special Term. August, 1915.)

MUNICIPAL CORPORATIONS &⇒816—STREETS—PERSONAL INJURIES—ACTIONS—PARTIES—ABUTTING OWNERS.

Where plaintiff was injured by a defect in the sidewalk in front of property leased by defendant, but the allegations of her complaint failed to show any duty of defendant, by statute or otherwise, to repair the walk, or any affirmative act of defendant leading to the injury, her complaint states no cause of action against defendant, but the action would lie, if at all, against the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1716, 1718, 1720–1723 ; Dec. Dig. &⇒816.]

Action by Sarah Segal against Rose Ehrman. On motion by defendant for judgment on pleadings. Motion granted.

Isidore Ehrman, of New York City, for the motion.
Moses Wigdor, of New York City, opposed.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FINELITE, J. Defendant moves for judgment upon the pleadings, contending that the plaintiff has failed to allege a cause of action sufficient in law. It appears from the complaint that the defendant is the lessee of certain premises in the city of New York, and that under the terms of the lease she covenanted and agreed to keep the sidewalk free from any incumbrance thereon during its term. It appears further from the complaint herein that the plaintiff, while walking at and in front of the premises in question, of which the defendant is the lessee, the sidewalk being out of repair, the plaintiff stepped in a rut or hole, and was precipitated to the ground and received certain injuries.

The defendant contends that no liability exists against her for the failure to keep the walk in proper repair. The plaintiff fails to allege that defendant was charged with any duty in respect to the highways of the city of New York by statute or otherwise, and no affirmative act on her part which might constitute a nuisance is alleged. The complaint proceeds against the defendant on the apparent theory that the defendant owed the plaintiff, in respect to this sidewalk, the same duty that is imposed by law upon municipal corporations, which are given the control of the streets within their jurisdiction, while as a matter of law the defendant owed no other duty than to refrain from doing any act affirmatively which would render the highway dangerous, and, in the absence of some fact showing that the defendant had violated the duty which she owed to the plaintiff, there is no cause of action stated. No obligation to repair streets or sidewalks rests upon the lot owner at common law, but the duty so to do, if any, arises out of statutory obligations imposed by the state or municipality upon them. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. And there is in this case no allegation that any such duty had been imposed upon the owners of abutting property.

In the case above cited, which is recognized as authority in Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501, it was held that, even where the ordinance of the city required the abutting owners to clean the walks, a neglect of that duty did not impose a liability upon the lot owner who had failed to act, because, as the court says:

"There is nothing in this statute showing that the duty of repairs was imposed upon the lot owners for the benefit of the public generally, or any particular class of individuals."

If the complaint had alleged that the defendant by some affirmative wrongful act had caused the sidewalk to be broken down, or if it had alleged that she had created a nuisance thereupon, it would have stated a good cause of action. The plaintiff, if she has a good cause of action, is abundantly protected in her rights by an action against the municipality (City of Rochester v. Campbell, 123 N. Y. 414, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760), and, having failed to distinguish between the relations of the defendant and the city of New York to the plaintiff, she must abide the rule of law as established by authority (Krebs v. Heitmann et al., 104 App. Div. 173,

93 N. Y. Supp. 542; Law v. Kingsley, 82 Hun, 76, 31 N. Y. Supp. 88). See 28 Cyc. 1435; Charter of the City of N. Y. § 383.

Motion of the defendant for judgment on the pleadings is therefore granted, with costs. Order signed.