(91 Misc. Rep. 493)

GEDNEY v. PLANTEN.

(City Court of New York, Special Term.    August, 1915.)

DISCOVERY ⬅40—RIGHT TO EXAMINE—ADVERSE PARTY.

> In an action for mailing a letter to an advertising agency containing a statement that plaintiff was guilty of palming off his goods as defendant's, plaintiff could, upon compliance with Code Civ. Proc. § 872, relating to the taking of depositions, as a matter of right, examine defendant before trial to prove damages from the utterance of the libelous statement; the court having, in a previous suit by defendant against plaintiff for infringment of defendant's trade-mark, decided there was no fraud or unfair competition by plaintiff as against defendant.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⬅40.]

Action by James W. Gedney against Hermanus R. Planten to recover damages for libel. On defendant's motion to vacate an order for examination before trial. Motion denied.

See, also, 154 N. Y. Supp. 1122.

Atwater & Cruikshank, of New York City, for the motion.
May & Jacobson, of New York City, opposed.

FINELITE, J. This is a motion made by the defendant to vacate an order heretofore obtained for the examination of the defendant before trial. The action is brought to recover damages for libel. It appears from the facts alleged in the complaint that the defendant had been engaged in business under the firm name and style of H. Planten & Son; that plaintiff's father was one James R. Gedney, and that in the year 1835 he began business as a manufacturer of proprietary medicines, among other things a compound of copaiba and oil of cubebs colored black; that said James R. Gedney continued the said business until his death in 1873; that thereupon plaintiff's mother conducted the said business until about the year 1879, when the plaintiff succeeded to the said business, and has ever since been and now is engaged in the conduct thereof as the sole proprietor thereof; that during all the period the plaintiff has been engaged in the said business he has manufactured and sold throughout the entire United States capsules, colored black, containing a compound of copaiba and oil of cubebs; that capsules containing compound of copaiba and oil of cubebs have always been generally known throughout the drug trade as "C. & C." capsules, which is the trade abbreviation therefor; that for over 30 years last past the compound copaiba and cubeb capsules manufactured by plaintiff have been known and called variously Gedney's C. & C. Capsules, Gedney's Black Capsules, and Gedney's C. & C. (Black) Capsules; and that about the year 1899 plaintiff began extensively to ad-

vertise his said capsules as "Gedney's C. & C. (Black) Capsules," and has in that form and manner ever since continued the advertisement thereof. The sixth paragraph of the complaint on which the action is based reads as follows:

"That on or about the 17th day of November, 1914, the defendant, by and through his agent and attorney, one Stephen J. Cox, willfully and maliciously published to Berry, Demoville & Co., of and concerning this plaintiff, the following false and defamatory matter, to wit: 'My clients, Messrs. H. Planten & Son, have called my attention to the fact that for some time past you have been running an advertisement on the back cover of your "Quarterly Price List" of "Gedney's C. & C. (Black) Capsules." They also inform me that they have remonstrated against this advertisement and asked you to discontinue it without avail. The letters "C. & C." and the term "C. & C. or Black" are the trade-marks of H. Planten & Son, and have been advertised as such throughout the United States during the past 20 years at an enormous expense. They have also been registered in the United States Patent Office as the exclusive trade-mark of the Planten concern. No doubt you have been familiar with the "C. & C. or Black" capsules and the advertising of H. Planten & Son for many years, and you are aware that long prior to the time when Gedney started to advertise in your list these trade-marks were universally known and recognized as the exclusive and distinguishing marks of Planten's goods. By advertising Gedney's goods as "C. & C." or "Black" you are therefore doing serious, if not irreparable, injury to the rights and good will of Planten & Son in this article, and are, we believe, making yourselves a party to the fraudulent palming off on the public of Gedney's goods as Planten's. As you are probably aware, we have a suit pending against Gedney for an injunction and damages on account of the imitation by him of the Planten trade-marks. We propose to hold all those who aid or abet him equally responsible with him for the loss and damage caused. We wish, therefore, to give you this last opportunity to discontinue advertising and selling Gedney's goods as "C. & C." or "Black" capsules, and to assure us that it will not be resumed. In case of your failure to accede to this demand, we will hold you responsible for all damages caused, and take such action against you now or after the termination of our suit against Gedney as we consider necessary to protect our rights and obtain redress for past injuries,' "

Paragraph 7 of the complaint states:

"That the said Berry, Demoville & Co. is engaged in the drug trade, and has been for years, and is a customer of the plaintiff, in respect of the plaintiff's said business."

Defendant, in answering the sixth paragraph of plaintiff's complaint, alleges for a second defense:

"V. That long prior to the 17th day of November, 1914, and from the year January, 1857, to the present time, this defendant, trading under the firm name and style of H. Planten & Son, and previous to 1857 and from 1836 under the name of H. Planten, has been continuously engaged in the manufacture of certain capsules containing compound copaiba and oil of cubebs and has been during all such time the owner and user of the trade-marks 'C. & C.,' 'C. & C. or Black,' as applied to such capsules; that these trade-marks were registered in the United States Patent Office as the property of the said defendant on the 10th day of April, 1906, as covering the mark 'C. & C. or Black,' and on the 12th day of March, 1907, as to mark 'C. & C.'; that said defendant has advertised said trade-marks at great expense to himself, and said trade-marks were and are universally known and recognized among the wholesale and retail drug trade as designating and referring exclusively to the said defendant's capsules. Defendant further alleges that the plaintiff herein, well knowing the facts above stated, has nevertheless and in spite of the objections of the defendant styled and advertised certain capsules manufactured by him as 'C. & C.,' 'C. & C. or Black' capsules, thereby wrongfully

imitating the trade-marks of this defendant and engaging in unfair competition and unfair trade practices against this defendant; that because of such actions by the plaintiff this defendant has brought an action against the plaintiff in the United States District Court for damages and for an injunction forbidding the wrongful imitation of his trade-marks and unfair competition. Defendant further alleges that the publication set forth in the complaint was and is a true statement of the facts in whole and in every part thereof; that the truth of the alleged slanderous matter set up in the complaint depends upon the scope, effect, and validity of certain registered trade-marks, hereinbefore referred to, the property of the defendant; that the determination of the effect and validity of said trade-marks is exclusively within the jurisdiction of the federal courts, and that this court has no jurisdiction to try the question of the validity, scope or effect thereof.

"VI. That in publishing the alleged slanderous or libelous matter set forth in the complaint this defendant reasonably and on good grounds believed and still believes that he had a valid and exclusive trade-mark for and in the letters 'C. & C.,' 'C. & C. or Black,' as applied to copaiba and cubeb capsules, and that defendant believed upon good grounds that he had a valid and exclusive right to use the same in the United States, and that this defendant published the matter complained of in the complaint in good faith as a warning to Messrs. Berry, Demoville & Co., who were dealers in said capsules, in the discharge of a moral obligation and to satisfy the demands of fair dealing, and that the alleged publication was privileged and not actionable.

"VII. As a further defense and in mitigation of any damages to which the plaintiff may otherwise appear to be entitled by reason of the publication of said alleged libelous or slanderous matter set up in the complaint, this defendant alleges that said alleged slanderous matter set up in the complaint was published solely and exclusively to Berry, Demoville & Co.; that said Berry, Demoville & Co. are druggists engaged in business in the state of Tennessee, and that the relations between the plaintiff and the said Berry, Demoville & Co. have not been interfered with, nor has the plaintiff been damaged by reason of said publication; and the defendant realleges all the allegations contained in the second separate defense herein, and will give evidence thereof, together with the foregoing, as a partial defense in mitigation of damages."

The libel complained of alleged that this plaintiff was guilty of a "fraudulent palming off on the public of Gedney's goods as Planten's." In order to meet this position the plaintiff's attorney alleged that he desires to prove actual malice, for the purpose of demanding exemplary or punitive damages. In delving into the history of the rights of the respective parties, it appears that several years ago the defendant secured a registered trade-mark. This trade-mark was "C. & C. or Black," which was attached to the boxes in which the defendant's goods, medical capsules, were sold for some years. The plaintiff has complained that the defendant was infringing his trade-mark. About a year ago the defendant brought an action in the United States District Court for the Southern District of New York against the plaintiff herein for damages and for an injunction restraining the plaintiff herein from infringing defendant's said trade-mark. Subsequent to the bringing of that suit the defendant here wrote Berry, Demoville & Co., wholesale druggists of Louisville, Ky., notifying them of the suit and protesting against their advertising the plaintiff's goods as "C. & C." The case was tried and judgment was rendered for the defendant therein (plaintiff herein). Thereafter the plaintiff herein applied for the order for the examination of the defendant in this court, alleging that he wished to show that the defendant had sent to other wholesale druggists letters similar to the one sent to Berry, Demoville &

Co. above referred to, and in his argument plaintiff's counsel stated that the purpose of this proof was to make a foundation for punitive or exemplary damages. Since the granting of the order for the examination of the defendant, the federal court action has been appealed, and the judgment below was reversed by the Circuit Court of Appeals, and a decree was entered and filed on July 27, 1915, wherein it was held that the trade-mark of the defendant—

"consisting of the letters 'C. & C.,' registered in the United States Patent Office November 12, 1907, under No. 66,108, for certain medicine are good and valid; that the said complainant is the exclusive owner of said trade-marks and entitled to the protection provided by the law and the United States statutes therefor, and that the defendant has infringed the said trade-marks by making and selling filled capsules and medicine in packages bearing the words and characters 'Gedney's C. & C. (Black) Capsules,' or having the said colorable imitation connected or associated therewith by advertising to the consumer and the public the said capsules under said colorable imitation of complainant's trade-marks, and has thereby committed acts calculated to deceive the public and the consumer into believing that his goods are the goods of the complainant, and to result in the palming off of his goods as such on them. And it is further ordered, adjudged, and decreed that the complainant have and recover of and from the defendant, James W. Gedney, the profits, gains, and advantages which the said defendant has received or made, or which have arisen or accrued to him from the infringement of the said trade-marks and each of them, by making and selling said capsules and medicine under the said colorable imitation of said trade-marks, consisting of the words and characters 'Gedney's C. & C. (Black) Capsules,' or any other colorable imitation thereof, and also that the complainant have and recover from the defendant the damage sustained by him by reason of the imitation of the said trade-marks and each of them by the defendant, and that the matter of the increase of said damages be left until the coming in of the master's report as herein provided."

From the reading of the decree as above quoted it can be perceived that upon the merits the trial court in the trade-mark suit determined that there was no fraud or unfair competition upon the part of this plaintiff as against this defendant, that the bill in that respect was dismissed, that the dismissal thereof was sustained by the Circuit Court of Appeals, and that the issue in this case involves the question of the plaintiff's alleged fraud. The court cannot deprive the plaintiff of his right to the examination before trial to prove, if possible, that he has sustained punitive or exemplary damages by the issuance of the letter to Berry, Demoville & Co. and to other druggists, which information is desired by the plaintiff for the trial hereof. The question of fact as to whether or not the plaintiff has sustained punitive or exemplary damages is for the jury, and not for this court at Special Term, to decide. Under the authorities, an examination before trial of the defendant is a matter of right, wherein the plaintiff has complied with section 872 of the Code of Civil Procedure. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; People v. Armour, 18 App. Div. 584, 46 N. Y. Supp. 317; Jacobs v. Mexican Sugar Refining Co., Lim., 112 App. Div. 655, 98 N. Y. Supp. 541; Harbaugh v. Middlesex Securities Co., 110 App. Div. 633, 97 N. Y. Supp. 350. The above are a few of the cases wherein the plaintiff is entitled to the examination before trial, of which right the court has no right to deprive.

Motion to vacate order for the examination of the defendant before trial is denied, and the said examination is set down for August 23, 1915, at 10 a. m., at Special Term, Part II, of this court, and that the said defendant is directed to appear at said time and place for his examination, and is further directed to produce all letters and papers now in his possession or in his custody or control that may be used upon said examination, as directed by said order, upon receiving appropriate order therefor.   Submit order.