MARTHA CAVANAGH AND DANIEL A. CAVANAGH, HER HUSBAND, RESPONDENTS, v. HOBOKEN LAND AND IMPROVEMENT COMPANY, APPELLANT.

Submitted December 9, 1918—Decided June 20, 1919.

A person who assumes to protect others against injury which may result to them from the exercise by him of a legal right in a legal manner is under no obligation to continue that protection indefinitely. He may abandon his purpose at his own will, and having done so, is under no obligation to afford further protection to third persons who have knowledge or notice of such abandonment.

On appeal from Hudson County Circuit Court.

For the appellant, *M. Casewell Heine.*

For the respondents, *Arthur B. Archibald.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a judgment in favor of Mrs. Cavanagh and her husband in an action brought to recover compensation for injuries received by the wife from a fall upon the pavement in front of the defendant company's property, caused by slipping upon ice which had formed there. The theory upon which the plaintiffs' case was rested, and upon which it was left to the jury, was that the presence of the ice upon the pavement was due to the wrongful act of the defendant, and that, consequently, it was responsible for injuries received by Mrs. Cavanagh which were the direct result of that wrongful act.

The proofs showed that the roof upon the defendant's building was constructed with a gutter which gathered together the rainwater, or the water resulting from melting snow, which had fallen thereon, and discharged it through a

pipe or leader, which ran down the front of the building and into a drain which had been laid below the surface of the street; that this pipe or leader had been permitted by the defendant to become broken and out of repair, so that the water thus collected instead of passing down through it ran down the outside thereof in large quantities and spread upon the sidewalk; and that the ice upon which Mrs. Cavanagh slipped was formed by the freezing of the water which escaped from the leader by reason of its impaired condition.

In the case of *Jessup* v. *Bamford Brothers Co.*, 66 *N. J. L.* 641, which was a case somewhat similar to that now before us (the plaintiff having fallen upon ice which had formed upon the sidewalk in front of the defendant's premises from surface water cast thereon by the defendant), the trial judge instructed the jury that no person had a right to gather together the surface water on his own property, and throw it upon the sidewalk in a stream, thereby rendering the street more dangerous, or less convenient, than it otherwise would be for public travel; and that if he did so he was responsible for injuries caused thereby. This court held the instruction erroneous, for the reason that the concentration of the flow of water and its altered transmission to and upon a public highway was a necessary incident to the legitimate beneficial user of its property by the defendant; and that, consequently, any injury arising therefrom was not actionable.

If the defendant in the present case had not constructed a leader for the purpose of carrying off the water which had accumulated on the roof of his building, but had merely made an opening in the gutter for the purpose of permitting the water which had gathered therein to fall upon the street, the doctrine of the cited case would be applicable.

But it is argued that, conceding the defendant was under no legal obligation to construct the leader for the purpose of carrying the water into the drain, yet, having assumed to do this, he was bound to use reasonable care to maintain the

leader in such a condition that it would perform the function for which it was intended; this being the doctrine, as it is said, laid down by the Supreme Court in *Wolcott* v. *New York and Long Branch Railroad Co.*, 68 *N. J. L.* 421, and approved by this court in *Brown* v. *Erie Railroad Co.*, 87 *Id.* 487.

The doctrine of these cases, however, is not so broad as it seems to have been considered. A person who assumes to protect others against injury which may result to them from the exercise by him of a legal right in a legal manner, is under no obligation to continue that protection indefinitely. He may abandon his purpose at his own will, and, having done so, is under no obligation to afford further protection to third persons who have knowledge or notice of such abandonment. For instance, in the Wolcott case, the railroad company had stationed a flagman at a point where its road crossed a public highway, although it was under no legal obligation to do so, and by reason of the negligent manner in which the flagman performed the duty imposed upon him by his employer, Wolcott was injured while passing over the crossing in front of a moving train. The court held that, having voluntarily assumed to protect the crossing it was answerable for injuries to Wolcott which resulted solely from the flagman's negligence. But it cannot be doubted, we think, that if the railroad company prior to the accident had abandoned its purpose of protecting the crossing either permanently or for an indefinite time and had withdrawn its flagman, and caused actual notice of its action to be given to Wolcott, no recovery could have been had by the latter upon the theory that the company at the time of the accident owed him the duty of protecting the crossing by the presence of a flagman there and had unlawfully failed to perform that duty.

The present case is similar in its essence to that suggested. The defendant had permitted the leader to become broken so that it no longer served the purpose for which it had been

installed, and, although it had notice of this condition, it made no attempt to repair. Its failure to restore the leader was an abandonment, *pro tempore*, at least, of its purposes to. protect travelers along the sidewalk against dangers resulting from the formation of ice caused by the freezing of water discharged from the roof. Mrs. Cavanagh. had personal knowledge of this situation, for she testified that on the evening before the accident, while walking past the defendant's premises, upon the same sidewalk where she afterwards fell, she observed the water escaping out of the broken pipe and running down to and spreading over the sidewalk to such an extent that the street was all ice. The defendant having abandoned its purpose at least temporarily of taking care of the flow of water by conducting it through the leader into the drain, and Mrs. Cavanagh having knowledge of such abandonment, she is not entitled to recover against the defendant upon the theory that having once assumed to protect travelers using the sidewalk against danger from accumulating ice, it was under a legal obligation to her to continue that protection.

We think that for the reasons indicated the defendant company was entitled to the direction of a verdict in its favor, and that the refusal of the trial court to do so on the application of defendant's counsel was legal error. The judgment under review will be reversed.

*For affirmance*—SWAYZE, BERGEN, WILLIAMS, JJ.    3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ.    11.