[Civil No. 2292.    Filed May 22, 1925.]

[236 Pac. 701.]

## C. L. CUMMINGS, Appellant, v. GEORGE HENNINGER, Appellee.

1. MUNICIPAL CORPORATIONS—COMPLAINT HELD SUFFICIENT BASIS FOR CHARGE AND VERDICT ON THEORY DEFENDANT NEGLECTED DUTY TO KEEP SIDEWALK REASONABLY SAFE. — In action for injury from falling on sidewalk abutting defendant's premises, allegation in complaint that accident was caused by faulty and dangerous condition of sidewalk of which defendant had knowledge and failed to remedy, was sufficient basis for court's charge and verdict rendered on theory that defendant had neglected duty owing to public to keep sidewalk reasonably safe for travelers.

2. MUNICIPAL CORPORATIONS — ABUTTING OWNER UNDER NO COMMON-LAW DUTY TO KEEP SIDEWALK SAFE.—Generally, a property owner is under no common-law duty to use due care to keep safe a sidewalk abutting his premises.

3. NEGLIGENCE — ONE MAINTAINING CONDITION FOR USE OF OTHERS MUST EXERCISE CARE TO PREVENT DANGER.—One who voluntarily creates and maintains a condition for use of others is, in absence of some privilege, charged with duty to exercise care to prevent that condition from becoming a source of danger to those who use it.

4. MUNICIPAL CORPORATIONS—EXEMPTION FROM LIABILITY FOR DEFECTIVE SIDEWALKS VALID.—Laws 1881, chapter 39, article 10, section 2, exempting city of Tombstone from liability for any injuries that might occur because of defective sidewalks, is valid.

5. MUNICIPAL CORPORATIONS—ABUTTING OWNER HELD LIABLE FOR INJURY FROM DANGEROUS CONDITION OF SIDEWALK IN CITY EXEMPTED FROM LIABILITY.—Where defendant built, repaired, and altered sidewalk abutting his premises at will, without let or hindrance, no protection being afforded public elsewhere by reason of city being exempted from liability for injuries from defective sidewalks, held, that defendant was charged with duty to use due care to keep such sidewalk reasonably safe for travelers, and was liable to plaintiff for injury from tripping on such sidewalk, which was in dangerous condition.

6. MUNICIPAL CORPORATIONS — ABUTTING OWNER CANNOT ABANDON DUTY TO KEEP SIDEWALK REASONABLY SAFE WITHOUT NOTICE OF INTENTION. — Where defendant built and maintained a sidewalk abutting his premises, thus being under duty to exercise due care to keep sidewalk reasonably safe, he cannot effect an abandonment of such duty without some affirmative act designed to give general notice of his intention so to do, and proof that sidewalk was defective, does not establish an abandonment of such duty.

See (1) 28 **Cyc.**, p. 1520.   (2) 28 **Cyc.**, p. 1345.   (3) 29 **Cyc.**, p. 426.   (4) 28 **Cyc.**, p. 1343.   (5) 28 **Cyc.**, p. 1345.   (6) 28 **Cyc.**, p. 1345.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

2. See 13 **R. C. L.** 321.

3. See 20 **R. C. L.** 46.

5. Duty of abutting owner to continue safeguard against injury which he has voluntarily furnished, see note in 5 **A. L. R.** 936. See, also, 13 **R. C. L.** 322.

Mr. O. Gibson, for Appellant.

Mr. C. V. Manatt, for Appellee.

JONES, Superior Judge. — On December 13, 1922, the plaintiff below (appellee here) tripped and fell to his severe injury while walking on a board sidewalk abutting the premises of the defendant Cummings (appellant here) and one Oskar Gast on Allen Street in Tombstone, Arizona. Thereafter he brought an action against Cummings, Gast, and the city to recover damages for his injuries. Gast and the city were exonerated by the court. The case against the appellant was tried before a jury, and resulted in a verdict for the plaintiff in a substantial amount. From the judgment entered thereon, this appeal is taken.

The gravamen of the complaint is that the appellant and Gast built and maintained the board sidewalk abutting their premises on a public street, and that it had with the knowledge of themselves and the city become out of repair and dangerous to travelers who might use it; that appellant and Gast had undertaken to repair the sidewalk, but had done so negligently with the result that it "was still dangerous and faulty"; "that said injuries so received by the plaintiff were caused wholly from the faulty and defective and dangerous condition of said sidewalk as aforesaid, and from the negligent manner in which the defendants Cummings and Gast had repaired the same."

The answer was in effect a general denial.

Upon the trial the evidence disclosed that, without permission or objection from the city, the appellant and Gast had built the sidewalk without negligence some 8 or 10 years before the accident. Thereafter for a period of years the appellant at his own expense undertook to keep the sidewalk in repair, and

on one occasion altered it to suit the needs of his abutting property. The city never took actual control of the sidewalk or repaired or maintained it in any way. The testimony amply supported the charge that the sidewalk was in a dangerous condition at the time of the accident, and that the plaintiff's injury was proximately due thereto. The evidence did not, however, establish the allegation that the injury was due to negligent repairing.

The court charged the jury that the issue for them to determine was whether the appellant had built and maintained the sidewalk in question as a reasonably prudent man would do, and that, if he had failed in that regard so that a dangerous condition arose, leading to the plaintiff's injury, the defendant must respond in damages to compensate the plaintiff for his loss.

The court directed a verdict in Gast's favor. The city was discharged because of a provision in its charter reading as follows:

"The said corporation shall not be liable to any one for any loss or injury to person . . . for any injury or damages happening to such person . . . on account of the condition of any . . . sidewalk." Section 2, art. 10, c. 39, Laws of 1881, p. 71.

It is assigned as error that the case was tried and the verdict rendered on the theory that the appellant had neglected a duty owing to the public to keep the sidewalk reasonably safe for travelers, while the complaint was drawn on the theory that the injury was due to negligent repairing. It is true that the complaint does not allege and perhaps emphasize defective repairing by appellant as the cause of the injury, but, as we have shown in the statement above, it also alleges that the accident was caused by the faulty and dangerous condition of the sidewalk which the appellant had knowledge of and failed to remedy. This was sufficient basis for the court's charge, and

consequently for the verdict of the jury. Appellant's main assignment of error, however, is that the facts do not support a finding of negligence against him.

The court in substance charged the jury that it was for them to determine whether the defendant acted as a reasonably prudent man in building and maintaining the sidewalk, and that if it became defective through a failure on his part to exercise due care, and that such defect was the cause of the accident, their verdict should be for the plaintiff. In effect this told the jury that the defendant had built and maintained the sidewalk. We do not understand that error is assigned in that behalf, although there are some general assignments and observations in the briefs which might be considered as a challenge to the court's right to take the question of maintenance from the jury. The undisputed evidence on this question was such, however, that we think no other inference therefrom is justifiable than the one the court below drew. It may be conceded that an occasional repairing would not constitute maintenance, but the facts in this case are that the sidewalk was built, repaired, and altered by the appellant at will, without let or hindrance from the city, and that he treated it at all times as an instrumentality of his own.

The remainder of the charge imposed on the appellant the duty to exercise due care, which appellant insists did not arise from the fact that he had built and maintained the sidewalk. That is the substantial question in the case.

Undoubtedly, the general rule is that a property owner is under no common-law duty to use due care to keep safe the sidewalk abutting his premises (McQuillin, Municipal Corporations, § 1826); and it may be, as appellant argues, that if the property owner, without negligence, merely builds the abutting sidewalk, he is not thereafter charged with the duty to use due care to keep it reasonably safe, such as is

imposed where a servitude for the exclusive benefit of the abutting property is created in a sidewalk, familiar examples being trap-doors, light-wells, man-hole lids, gratings, and the like. Dillon, Municipal Corporations, 5th ed., § 1726. See note in 115 Am. St. Rep. 994.

In addition to building this sidewalk, however, the appellant thereafter controlled and maintained it for a number of years, and these facts, in view of the exemption of the city above noted, in our opinion, as we shall undertake to show, did create such duty.

As a general proposition, one who voluntarily creates and maintains a condition for the use of others is, in the absence of some privilege, charged with the duty to exercise care to prevent that condition from becoming a source of danger to those who use it. The sidewalk in this case was subject to rapid deterioration. Without attention it would necessarily become a nuisance, fraught with serious danger to pedestrians. That Cummings, its author and maintainer, was charged with the duty to use due care to keep that sidewalk reasonably safe for travelers would seem clear, unless some privilege existed in his favor, or at least, protection to the public was afforded elsewhere. Neither condition existed. No privilege is claimed. No protection was afforded the public, for Tombstone was expressly exempted from liability for any injuries that might occur because of defective sidewalks. This exemption is valid. McQuillin, Municipal Corporations, § 2722, p. 5597. If any duty, express or implied, was imposed on the city to keep this sidewalk in repair, it was one of that variety that imposes no liability for its breach. It was of no benefit to the appellee, whose case against the city was nonsuited as a result of the exemption noted.

No reason is perceived by us why the appellant should not be charged with the duty to use due care. The rule that one is not to be charged with defects

arising in an instrumentality of his construction after control has passed from his hands (20 R. C. L., page 53) has no application here, because, as we have shown, actually the appellant retained control of the sidewalk after he had built it.

Counsel cited *Law* v. *Kingsley*, 82 Hun, 76, 31 N. Y. Supp. 88. There the abutting property owner built the sidewalk, as in this case. There was no evidence to show that he maintained or controlled it thereafter. Subsequently it became defective, causing the plaintiff's injury. The court did hold that the defendant was not under any duty to use due care to keep the sidewalk reasonably safe after it was built, but apparently bases its decision on the ground that the city was charged with such duty, thereby affording full protection. Later New York cases emphasize that view. In *Krebs* v. *Heitmann,* 104 App. Div. 173, 176, 93 N. Y. Supp. 542, at page 544, the court, in deciding that no liability rested upon the abutting property owner, said:

"The plaintiff, if he has a good cause of action, is abundantly protected . . . by an action against the municipality."

See, also, *Gedney* v. *Planten,* 91 Misc. Rep. 493, 155 N. Y. Supp. 288.

Whether it reasonably follows that one who builds a sidewalk fronting his premises is under no duty to keep it reasonably safe thereafter because the city is charged with that duty, and the injured party is therefore abundantly protected, does not concern us in this case because the duty resting upon the city of Tombstone in the instant case, if there was any duty at all, is certainly not one that afforded this plaintiff abundant or any protection whatever. *Law* v. *Kingsley, supra,* is distinguishable for the additional reason that there, after building the sidewalk, the abutting property owner assumed no further control of it.

We are of opinion that the appellant was charged with the duty to use due care to keep the sidewalk reasonably safe for travel. We think any reasonable man would under these facts have been conscious of the existence of such duty. His voluntary assumption of the undertaking affords sufficient basis for its imposition. As stated in 29 Cyc. 426:

"The rule being that where there is no contract duty, liability for negligence rests on the principle that if a person undertakes to do an act or discharge a duty by which the conduct of another may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of his negligence."

See Foundations of Legal Liability, by Street, vol. 1, p. 62.

It may be suggested that one who builds and maintains a sidewalk fronting his property for the convenience or comfort of the public should be encouraged rather than penalized. The rule we have announced as applicable to this case, however, does not make the abutting owner an insurer or impose upon him a higher standard of duty than that he must observe in regulating his conduct in the many contacts he makes in his daily life with his fellow-creatures—the duty to exercise due care to afford reasonable protection. As we have taken pains to note before, the rule we have announced is applicable to the particular facts of this case, and must not be regarded as controlling where the facts are different. Many interesting cases imposing a duty to exercise care upon one who voluntarily assumes an undertaking are found in the books. See Cyc. reference, *supra,* and Decennial Digest, Negligence, 2.

Appellant contends that even if he assumed a duty by reason of his construction and maintenance of the sidewalk, he could absolve himself of that duty at will. Pursuing his argument further, he contends that proof that the sidewalk was defective established, not the absence of care, but a discontinuance of his self-imposed duty.

Great reliance is placed on the case of *Cavanagh* v. *Hoboken Land & Improvement Co.,* 93 N. J. L. 163, 107 Atl. 414, 5 A. L. R. 933.   There the defendant had the right to discharge rain-water from his roof upon the sidewalk, but he voluntarily provided a drain-pipe to carry it off.  The pipe became defective in time and failed of its purpose, so that rain-water escaped therefrom, fell upon the street, froze, and caused the plaintiff to slip and fall, to her injury.  The court held that inasmuch as the defendant had the right to allow all the rain-water to fall upon the sidewalk, and had assumed only to afford a protective measure against that situation, he could at will upon sufficient notice abandon his purpose, and that proof that the drain-pipe had become so defective that it no longer performed its intended office established such abandonment.  The court also held that the plaintiff had notice of such abandonment, because the day before the accident she had seen water escaping from the pipe.  The court apparently holds that the defendant had, in providing the pipe, assumed some duty.  Such duty would appear to be the usual one requiring due care to keep the condition reasonably safe.  It is rather difficult to understand how proof that the pipe was defective established an abandonment of the duty.  It would rather seem to be probative on the question of the breach of duty.

The facts of the two cases are not similar.  In the Cavanagh case the resultant injury was due to the independent innocent cause (the water) which oper-

ated when the protective measure was removed, while here the cause of the injury was the defective instrumentality itself.

However that may be, we think it is entirely unreasonable to say that any presumption of abandonment of the duty to use due care to keep the sidewalk reasonably safe arose from the fact that it became unsafe. The mere statement of such a proposition is its own refutation.

Having built and maintained this sidewalk through a period of years, the appellant could not, in our opinion, effect an abandonment of that duty without some affirmative act designed to give general notice of his intention so to do.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LOCKWOOD, J., having tried the case in the lower court, was disqualified, and Hon. GERALD JONES, judge of the superior court of Pima county, was called to sit in his stead.