## ADAMS v. TOLERTON et al.

District Court, N. D. Oklahoma. November 18, 1927.

No. 500.

1. Removal of causes ⬤⟳49(3)—That petition fails to state cause of action against nonresident defendant does not give him right of removal on ground of separable controversy.

That plaintiff's petition fails to state a cause of action in law against a nonresident defendant does not give him the right of removal on the ground of separable controversy.

2. Removal of causes ⬤⟳49(3)—When separate acts of negligence combine to cause injury, each is liable for the entire result, and cause is not removable on ground of separable controversy.

Where there is no concert of acts of negligence, but the separate acts of negligence of defendants combined to produce directly a single injury as its proximate cause, each defendant is responsible for the entire result, and the cause is not removable on the ground of separable controversy.

At Law. Action by Linnie A. Adams against J. A. Tolerton and the City of Tulsa. On motion to remand to state court. Granted.

West, Gibson, Sherman, Davidson & Hull, of Tulsa, Okl., for plaintiff.

Stuart, Coakley & Doerner, of Tulsa, Okl., for defendant Tolerton.

H. O. Bland, of Tulsa, Okl., for defendant city of Tulsa.

KENNAMER, District Judge. This is a personal injury action, commenced jointly against the defendants Tolerton and the city of Tulsa, to recover for injuries alleged to have been received by the plaintiff when she stepped into an excavation in front of the defendant Tolerton's property on the parking between the sidewalk and the street in the city of Tulsa. The excavation was made by the defendant city in grading the street according to the allegations of the plaintiff's petition.

Tolerton removed the case to this court as a citizen of Missouri, upon the ground that there is a separable controversy between him and the plaintiff, disconnected in law and fact from the controversy between the plaintiff Adams and the city of Tulsa.

In the oral presentation of the motion to remand, plaintiff's counsel cited the following authorities to sustain the contention that the injury was the result of the concurring negligence of the defendants: St. L. & S. F. Ry. Co. v. Ray, 65 Okl. 214, 165 P. 129, L. R. A. 1918A, 843; Miami v. Finley, 112 Okl. 97, 240 P. 317; City of Picher v. Barrett, 120 Okl. 66, 249 P. 739; Armstrong v. Tulsa, 102 Okl. 49, 226 P. 561; City of Hugo v. Nance, 39 Okl. 640, 135 P. 347; City of Newport v. Schmit, 191 Ky. 585, 231 S. W. 54; Drew v. Town of Sutton, 55 Vt. 586, 45 Am. Rep. 644; Bellevue Gas & Oil Co. v. Carr, 61 Okl. 290, 161 P. 203.

Upon a careful examination of these authorities I am convinced, according to the allegations of the plaintiff's petition, that the city only is liable for the alleged defects in the sidewalk or parking in front of the defendant Tolerton's property, and the cases supra do not sustain the contention made by counsel for the plaintiff. The general rule is that no common-law duty rests on the owner or occupant of premises abutting on a public street to keep the sidewalk in repair. Cummings v. Henninger, 28 Ariz. 207, 236 P. 701, 41 A. L. R. 207, annotated at page 212.

The decisive weight of authority is to the effect that statutes or ordinances requiring abutting owners to construct or maintain or repair sidewalks adjoining their premises, such work to be done by the municipality at the expense of the abutting owners in case of their failure to construct or repair, impose no liability upon such owners for injuries by reason of a defective walk. Cummings v. Henninger, supra, page 217.

[1] The question here presented is where the plaintiff's petition fails to state sufficient facts in law to constitute a cause of action against the removing nonresident defendant, is the case removable because of separable controversy? In the case of Hax et al. v. Caspar (C. C.) 31 F. 499, Judge Brewer said:

"The removal of a cause from a state to the federal court does not depend upon the question of what issue remains to be tried, but must be determined by the nature of the cause of action presented in the complaint.

If there be but one, involving many defendants, the fact that each makes a separate defense does not make separable controversies; nor does the default of one of them, or his disclaimer of title to the land in controversy, give a right of removal to the contesting defendant, who is a citizen of a state other than that of the plaintiffs. The court will not inquire, on a motion to remand a case to the state court, either as to the truth of the allegations in the pleadings, or the sufficiency of the complaint or bill as such, or whether it states a good cause of action. These matters are for the decision of the court which finally tries the case."

This rule was followed in Evans v. Felton (C. C.) 96 F. 176, and Birch v. Felton (C. C.) 96 F. 176, and approved in the case of Broadway Insurance Co. et al. v. Chicago G. W. Ry. Co. et al. (C. C.) 101 F. 507. These cases are the only ones that seem to bear directly on the particular question presented on this motion.

The contention has been made by counsel for the defendant Tolerton, if there exist any liability as to him, such liability arises from statutory requirements, or by reason of the provisions of the charter and ordinances of the city, and such liability is disconnected with and separate from the common-law liability of the defendant city.

[2] This contention is not supported by the authorities. Where there is no concert of acts of negligence, but the separate and independent acts of negligence of the defendants combined to produce directly a single injury, and constitute the proximate cause of the injury, each is responsible for the entire result, even though the act or neglect alone of one of the defendants might not have produced the injury. Morgan v. Hines (D. C.) 260 F. 585; Chicago, Rock Island & Pacific Railway Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090.

For the reasons stated, the motion to remand is sustained.