ALEX. ZWICKL, APPELLANT, v. BROADWAY THEATRE
COMPANY OF LONG BRANCH, BODY CORPORATE, RE-
SPONDENT.

Submitted February 11, 1927—Decided May 16, 1927.

Plaintiff sued to recover for injuries received from a fall upon the
sidewalk in front of defendant company's building which the
evidence tended to show was caused by slipping on ice which
formed there by water freezing after it had escaped by reason
of the impaired and broken condition of a drainage system con-
sisting of a leader or down pipe connected with a covered drain
under the sidewalk that the defendant had constructed for the
purpose of carrying to the gutter of the street the water which accu-
mulated from rain or snow on the roof of its building, and of
which condition the defendant knew, but the plaintiff did not
know prior to his fall. *Held*—(1), that if the defendant volun-
tarily assumed the duty, not cast upon it by law, of constructing
that system for the purpose of keeping the sidewalk clear of ice
forming from roof drainage, for the protection of the public, it
was bound to use reasonable care to maintain it in such a con-
dition that it would perform the function for which it was in-
tended until such time as it saw fit to abandon it in such man-
ner as to constitute notice. *Held*—(2), that it was open to the
jury to find that the defendant had voluntarily assumed to per-
form that duty, and had neglected to perform it by failure to
make repairs after notice, to the injury of the plaintiff, and
that whether it had for the time being abandoned that duty which
it assumed or had simply neglected to perform it, the plaintiff
had no knowledge or notice of any such abandonment or neg-
lect. *Held*—(3), that if the jury so found the defendant was
liable unless the plaintiff was guilty of contributory negligence,
and *held*—(4), that the latter question was for the jury, since
the evidence tended to show that the plaintiff did not know, and
had no reason to know, of the escaping water or the presence of
ice upon the sidewalk.

On appeal from the Supreme Court.

For the appellant, *Quinn, Parsons & Doremus.*

For the respondent, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment entered upon a nonsuit in favor of the defendant, Broadway Theatre Company, in an action brought by Alex. Zwickl to recover compensation for injuries received by him, on February 12th, 1926, at two P. M., from a fall upon the sidewalk in front of the defendant's property, caused by slipping upon ice which formed there.

The theory of the plaintiff's case was that the presence of the ice upon the sidewalk was due to the wrongful act or neglect of the defendant, and that, consequently, it was responsible for the injuries received by the plaintiff which were the direct result of such wrongful act or neglect.

At the trial the evidence tended to show (among other things to be stated in the course of this opinion) that the defendant had constructed upon its building a pipe or leader designed to gather together the rain water, or the water resulting from melting snow, which fell upon the roof, and to discharge it through such pipe or leader, which ran down the front of the building, into a covered drain which was laid below the surface of the sidewalk, and thence into the gutter of the street; that this pipe or leader had been permitted by the defendant to become broken and out of repair, in that it did not reach and connect with the drain under the sidewalk, so that the water from the melting snow on the roof, instead of passing down through the leader and drain to the gutter, ran down outside thereof in large quantities and spread upon the sidewalk; and that the ice upon which the plaintiff slipped was formed by the freezing of the water which escaped from the leader by reason of its impaired condition.

The trial judge nonsuited the plaintiff on the ground that the ice had been caused by the diversion of surface waters for which there was no liability upon a landowner.

The learned trial judge considered that he was bound to grant the motion to nonsuit by reason of the case of *Jessup* v. *Bamford Brothers Co.,* 66 *N. J. L.* 641. We do not take that view. Undoubtedly, that case is authority for the proposition that an abutting owner, who collects the natural drain-

age of water from the roof of his building and discharges it upon the sidewalk through a pipe or other orifice is not liable to a pedestrian who, after this water had frozen upon the sidewalk, slips upon the ice so formed. And the reason for that doctrine is stated to be that the concentration of the flow of water and its altered transmission to and upon the sidewalk is a necessary incident to the legitimate and beneficial user of the property by the owner, and, consequently, any injury arising therefrom is not actionable. If, therefore, the defendant in the present case had merely arranged à pipe or orifice for the purpose of permitting the water which gathered on the roof to fall upon the sidewalk, the doctrine of the Jessup case would be applicable. But the evidence tends to show that the defendant did more than that. It tends to show that it constructed the leader or down pipe connected with the drain under the sidewalk for the purpose of carrying to the gutter of the street the water which accumulated on the roof of its building. And we think that the construction of the covered drain in connection with the down pipe justified the jury in finding, if it saw fit, that the system was designed for the protection of the public, and not solely for the defendant's benefit. *Cavanagh* v. *Hoboken Land, &c., Co.,* 93 *Id.* 163.

Of course, the defendant was under no legal obligation to construct such pipe and drain for the purpose of carrying the water into the gutter of the street (*Sewall* v. *Fox,* 98 *N. J. L.* 819) ; but if it voluntarily assumed to do so, it was bound to use reasonable care to maintain the pipe and drain in such a condition that they would perform the function for which they were in part intended to perform of protecting users of the sidewalk from the dangers of ice formed by freezing water. *Cavanagh* v. *Hoboken Land, &c., Co., supra;* *Wolcott* v. *New York, &c., Railroad Co.,* 68 *N. J. L.* 421. Of course, the defendant was under no legal obligation to continue such protection indefinitely, and might have abandoned its purpose at its own will, and thus relieved itself of liability to third persons who had knowledge or notice of such abandonment. *Cavanagh* v. *Hoboken Land, &c., Co., supra.* But in the instant case there was certainly no conclusive

evidence that the plaintiff knew that the defendant was allow-
ing the water to escape, and no conclusive evidence of any
abandonment of the defendant's purpose to protect travelers,
of which the plaintiff had knowledge or notice, the evidence
tending to show that the impaired condition of the drainage
system, of which defendant knew but plaintiff did not know,
was the result of long continued neglect to make necessary
repairs which it expected to make.   It was therefore open
to the jury to find from the evidence that the defendant had
assumed the duty of keeping the sidewalk clear of ice form-
ing from roof drainage by the pipes and underground drain
for the protection of the public, and that, whether it had for
the time being abandoned that purpose, or had simply neg-
lected to keep the system in repair, the plaintiff had
no knowledge or notice of any such abandonment or neglect.
*Cavanagh* v. *Hoboken Land, &c., Co., supra.*  And if the jury
so found the plaintiff would be entitled to recover unless
the plaintiff was guilty of contributory negligence, which
latter question was for the jury, since the evidence tended to
show that the plaintiff did not know, and had no reason to
know, of the escaping water or of the presence of ice on the
sidewalk.   *Kelly* v. *Lembeck, &c., Brewing Co.,* 86 *N. J. L.*
471; *Matheke* v. *United States Express Co.,* 86 *Id.* 586;
*Durant* v. *Palmer,* 29 *Id.* 544.

The present case is exactly like the case of *Cavanagh* v.
*Hoboken Land, &c., Co., supra,* except that in the Cavanagh
case the plaintiff knew that the defendant was allowing the
water to escape from the defective pipe and freeze upon the
sidewalk, and in the case at bar the plaintiff denied such
knowledge.   All the other features are there—the drain under
the sidewalk, the leader connecting with it just above the
ground, the break at the point of connection and the escaping
water.   The reversal of the judgment for the plaintiff in
the Cavanagh case was put upon the ground that when a
landowner abandoned the plan of carrying the water under
the sidewalk, a passer-by who knows of such abandonment,
or has notice of it, cannot recover if hurt by reason of such
abandonment.   It follows therefrom by necessary inference
that where, as in the instant case, the evidence tends to show

that the pedestrian had no such notice or knowledge, a jury question is presented.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.