HAROLD YOUNG, PLAINTIFF-APPELLANT, v. THE NATIONAL BANK OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellant, *Abraham Motolinsky* (*Edmund A. Hayes,* of counsel).

For the respondent, *Hicks, Knuhlthau & Thompson* (*Douglas M. Hicks,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR.  The respondent became the owner of premises at the northwest corner of New and Neilson streets in New Brunswick through a deed from the sheriff of Middlesex county, recorded May 22d, 1930.  Apparently there was a building upon the land and an airway, covered by an iron grating which had been constructed within the sidewalk line adjacent to the building on Neilson street to furnish air and ventilation to the cellar of the building.

Although the proofs do not appear to show when or by whom this airway was constructed it is probable that it was so built by some person, predecessor in title to the respondent. For the purposes of this case this is unimportant because the respondent apparently was in possession of the premises from May, 1930, when on August 24th, 1935, the appellant in walking along Neilson street stepped on the grating and it gave

way and tilted, precipitating him into the airway, and he was injured.

He brought an action against the respondent alleging "said defendant, carelessly and negligently permitted and allowed said iron grating and its supporting foundation to become worn, broken, slippery, neglected and out of repair, so that when plaintiff was walking along said street and stepped on said grating, it slipped out of place, broke and gave way and plaintiff was precipitated into said opening which was about five feet deep, with great force and violence."

At the conclusion of the plaintiff's case the defendant rested and moved for a direction of verdict in its favor, upon the ground that there was no proof that it had notice of any condition of disrepair in the grating and upon that ground the trial judge directed the verdict as requested.

Upon appeal to the Supreme Court this action was affirmed.

We conclude that the Supreme Court and the Common Pleas of Middlesex, the trial court, erred.

The construction of the airway with the grating, flush with the sidewalk, was not a nuisance *per se* but was a thing the adjacent owner might do subject to the right of free and safe passage of the public over and along every part of the sidewalk. However, the owner, in making such use of the way was required to do so by such a method of construction as not to create a nuisance but having done this was under the further legal duty to exercise reasonable care to keep the structure safe for the use of the public. *Myers* v. *Birch,* 59 *N. J. L.* 238, 239; *O'Malley* v. *Gerth,* 67 *Id.* 610, 612; *Rupp* v. *Burgess,* 70 *Id.* 7, 9; *McKeown* v. *King,* 99 *Id.* 251, 258, 259.

Now there was proof by the photographic exhibit *P-2* and by witnesses that the grating was in a state of disrepair for sometime prior to the happening.

This proof required the submission of the question to the jury.

A physical condition may be such that from its very nature it must have been in existence for such length of time as to bring notice to a reasonable person. *Stark* v. *Great Atlantic and Pacific Tea Co.,* 102 *N. J. L.* 694, 697.

And this appears to be the situation here.

We think further that the trial court was in error in excluding the proffered testimony of the witness Salter upon the ground that it was too remote, namely in 1934. By the testimony of other witnesses and the photographic exhibit *P-2* a condition of disrepair was brought down to the time of the happening.

In such a situation the more remote the condition testified to the more conclusive become the notice and call for remedial action. *Stark* v. *Great Atlantic and Pacific Tea Co., supra.*

We think the trial court did not err in refusing to admit in evidence *Exhibits P-3* and *P-4*. *State* v. *Ready,* 77 *N. J. L.* 329; *Kingsley* v. *Delaware, Lacakawanna and Western Railroad Co.,* 81 *Id.* 536, 540; *State* v. *Fiore,* 94 *Id.* 477, 479.

The judgment under review will be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.