KATHLEEN MILLAR, PLAINTIFF-RESPONDENT, v. UNITED ADVERTISING CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 19, 1943—Decided February 2, 1944.

For the plaintiff-respondent, *Francis A. Gordon.*

For the defendant-appellant, *Cox & Walburg* (*William H. D. Cox,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment rendered by the jury in favor of the plaintiff against the defendant, United Advertising Corporation, for personal injuries suffered by her from a fall on an icy sidewalk.

The proofs were that on February 5th, 1941, the plaintiff, while walking on the sidewalk in front of premises in Plainfield, slipped upon ice, fell and was injured. The premises consisted of a one-story business building occupied by several stores. The roof in its entirety was leased by the owner to

the defendant, who used it for advertising purposes, having erected thereon billboards to which access was had by a plank walk, known as a catwalk, in front of them. There was no right reserved in the lease of re-entry by the owner. The lease provided that the lessee make all necessary repairs to the roof. In 1939 the lessee installed a new roof consisting of tar paper, tar and asphalt and later made some repairs to the gutter. Water from the roof drained into the gutter and was carried to the street by a leader pipe from the roof to the sidewalk and by a pipe under the sidewalk to the street gutter. There was an ornamental galvanized iron cornice on the building.

The testimony was that on the day the plaintiff fell, water had dripped through a seam in the cornice below the roof level down to the sidewalk where it froze at the place where she fell. The tenant in the store nearest to the location of this ice testified that water leaked through this cornice at that place to the sidewalk whenever the roof was wet with snow or rain and that there had been a snow storm a few days before the plaintiff's fall. This condition existed for sufficient time to constitute constructive notice to defendant.

The action was against both the owner of the premises and the defendant advertising company, the lessee of the roof. The trial court granted a nonsuit as to the owner but denied a nonsuit and directed verdict as to the lessee. The appeal is based upon the latter ruling and also the court's failure to charge the jury as requested. We think there was no error in refusing a nonsuit or a directed verdict. Under the terms of its lease the defendant was in sole possession of the roof and under obligation to keep it in repair. There is testimony that the roof included the outlet to the leader and also that the defendant did include the gutter as part of the roof; at any rate it assumed the duty to keep it in repair. We conclude that from the evidence the jury could find that the defendant had assumed the duty to use reasonable care to properly drain water from the roof through the facilities provided for that purpose. While the proofs did not locate any place of leakage in the roof, there were several theories advanced by expert witnesses accounting for the presence of

the water behind the cornice. They all agreed, however, that it came from the roof. As a general rule an owner or lessee is under no obligation to prevent surface water from flowing over a sidewalk. *Jessup* v. *Bamford Bros. Co.*, 66 *N. J. L.* 641; 51 *Atl. Rep.* 147. But where as here an obligation is undertaken and not abandoned to divert the water by collecting it from the roof into a gutter and by carrying it from there by pipes to the street, then the law charges such owner or tenant with the duty to use reasonable care to maintain the facilities to the end that they will function as intended and so protect the users of the sidewalk from the dangers of ice formed by escaping water. *Zwickl* v. *Broadway Theatre Co.*, 103 *N. J. L.* 604; 137 *Atl. Rep.* 570; *Cavanagh* v. *Hoboken Land and Improvement Co.*, 93 *N. J. L.* 163; 107 *Atl. Rep.* 414.

It is the theory of the defendant that its liability is limited to a leak in the roof or gutter, which might cause the escape of the water, and not if the water leaked behind the cornice because of melting snow on the catwalk or elsewhere on the roof. It is also contended that it was the plaintiff's duty to prove that the cause of the escaping water was from a leak in the roof or gutter and that she must eliminate by the proofs all other causes. We think not. It was shown, as we have stated, that the defendant had exclusive control of this roof and had assumed to drain it, that after the installation of a new roof and for a considerable period of time, water from the roof leaked through a seam in the cornice and dripped down to the sidewalk where it sometimes formed ice. A question of fact for the jury was presented which precluded the trial court from granting a nonsuit or directing a verdict for the defendant.

The requests to charge, which were refused, were several in number and were to the effect that the defendant was not liable if it was found that the water got upon the sidewalk without its fault or from some other means other than because of a leak in the roof or gutter. As we have said, the defendant's liability was not so limited. We find no error in the court's refusal to charge as requested.

The judgment appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, DILL, JJ.  10.

*For reversal*—THE CHANCELLOR, DONGES, HEHER, COLIE, JJ.  4.