CHRISTINA WAR, PLAINTIFF-APPELLANT, v. ROSE MAZZARELLA, DEFENDANT-RESPONDENT.

Argued May 18, 1948—Decided September 3, 1948.

For the plaintiff-appellant, *Peter Hofstra.*

For the defendant-respondent, *William V. Rosenkrans* (*A. Leo Bohl,* of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Circuit Court of Passaic County upon the granting of a nonsuit in favor of the defendant-respondent, Rose Mazzarella, and against the plaintiff-appellant, Christina War.

At the time of the accident, which is the basis of this action in tort, the plaintiff lived on Maple Street in Paterson, next to property owned by the defendant. On the afternoon of January 2d, 1945, the plaintiff was walking home from work when she slipped and fell on ice which had formed on the sidewalk in front of defendant's house. The point of the fall was at the juncture of the sidewalk with a driveway entering defendant's property.

According to the testimony, that area had recently been subjected to a heavy snowfall. The snow had ceased falling three or four days prior to the accident and had been melting since that time with some intermittent freezing when the temperature fell. There was considerable snow still left on the grounds and buildings at the time of the accident. It was also shown that the ice on the sidewalk was thick on the side away from the street and tapered down toward the curb.

The testimony further showed that the defendant's house was located from 15 to 25 feet back from the sidewalk, and about five feet from the edge of the driveway, which sloped downward to the sidewalk. Along the driveway side of defendant's house, there was a leader drain pipe which was constructed to carry water from the roof into a drain pipe running into the ground by the front wall of the building. Plaintiff's witnesses stated that this leader had numerous holes in it, and that for sometime water had leaked through and fallen directly to the ground alongside the house.

Except for the medical testimony, which is not of concern in this appeal, this description of the circumstances substantially represents the evidence presented by the plaintiff. There was no dispute as to defendant's ownership and control of the premises on which the accident took place. At the close of plaintiff's case, a motion for nonsuit was granted, resulting in the judgment from which this appeal is taken.

Three grounds of appeal are generally relied upon by the plaintiff-appellant. In the first place, it is contended that sufficient evidence was presented to raise a question of fact for the jury, and that the nonsuit was improperly granted. The other two grounds of appeal attack rulings by the trial court which excluded testimony as to repairs made subsequent to the accident, and testimony as to the condition of the premises at a time subsequent to the accident.

The general legal doctrine upon which the plaintiff-appellant relies is that when a person assumes a duty to the general public, albeit a duty he was not bound to assume, he must thereafter discharge that duty with due care. As more particularly applied to this appeal, a property owner is not re-

sponsible for surface water which flows over the sidewalk. However, if such owner seeks to divert the water from flowing over the sidewalk, by drains or other means, he may incur liability from negligence in constructing or maintaining the means of diversion. Plaintiff contends that sufficient evidence was adduced in the court below to support recovery under this doctrine, and cites the cases of *Cavanagh* v. *Hoboken Land and Improvement Co.*, 93 *N. J. L.* 163; 107 *Atl. Rep.* 414; *Zwickl* v. *Broadway Theatre Co.*, 103 *N. J. L.* 604; 137 *Atl. Rep.* 570, and *Millar* v. *United Advertising Corp.*, 131 *N. J. L.* 209; 35 *Atl. Rep.* (*2d*) 717.

In order to present a jury question under the above cited doctrine, plaintiff was required to bring forth evidence as to three basic elements: (1) that defendant assumed a duty of diverting water from flowing over the sidewalk; (2) that the defendant was negligent in discharging this assumed duty; and (3) that such negligence was the proximate cause of the injury to the plaintiff. Of course, in consideration of the motion for nonsuit, plaintiff was entitled to all reasonable inference which might be drawn from the evidence.

As stated before, there was testimony showing the existence of a series of drain pipes which would eventually lead water from the roof of defendant's house directly into the ground at a point 15 to 25 feet from the sidewalk. There was no testimony as to any construction below the ground; nor was there any direct evidence offered as to the purpose of this particular type of drainage system, but the attorney for the plaintiff and the attorney for the defendant each draw different inference therefrom favorable to their client's side of the case. Under these circumstances, it might be said that the jury should have determined whether the defendant was seeking to prevent the water from flowing over the sidewalk. A similar conclusion might be reached on the question of negligent maintenance in light of the uncontroverted evidence of leaks in the leader drain pipe.

Assuming, without deciding, that there was sufficient proof to establish a *prima facie* case of assumption of duty and negligence in the discharge thereof, we still believe that plain-

tiff did not bring forth sufficient evidence to establish proximate cause. Considering all the testimony in its most favorable light, it would have to be inferred that the water leaking from the leader fell to the ground, moved over five feet of ground to the driveway, flowed down the driveway for 15 to 25 feet to the sidewalk, and there formed the ice on which plaintiff fell. At the same time, however, this chain of events must be valuated in light of other testimony which revealed a heavy snowfall in the area, the melting of the snow for three or four days prior to the accident with intermittent freezing, and the continued presence of snow on the adjacent grounds and buildings.

Plaintiff's testimony, supported by all possible inference as to the course of water from the leaking leader pipe to the point of freezing, did no more than suggest a causal connection between defendant's assumed negligence and the happening of the accident. This was not enough either in law or fact, when other obvious causes for ice on the sidewalk were present, with no evidence being offered which would tend to preclude them from consideration. Considering all the circumstances, we find no error in the granting of the motion for nonsuit.

Plaintiff-appellant next contends that the trial court erred in excluding testimony by one Edward War as to repairs made subsequent to the accident. Although ownership and control of the premises were admitted, it is argued that such evidence had probative value in showing the existence of a defective condition. Since direct evidence of a defective condition had been given, and since such evidence was necessarily unchallenged in the motion for nonsuit, the exclusion of this testimony, if error, was not harmful.

Further error is contended because the trial court excluded testimony as to a similar accident which subsequently occurred at the same place. Without considering the possibility of any change in circumstances which would have affected the subsequent event, there could be no harmful error here because the motion for nonsuit admitted all of the direct evidence as to the accident in question.

The judgment of the court below is affirmed.

740

For affirmance—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD. EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 15.

For reversal—None.