AGNES SACO, PLAINTIFF-APPELLANT, v. VAUGHN S. HALL, ALSO KNOWN AS MRS. ISAAC A. HALL, DEFENDANT-RESPONDENT.

Argued January 10, 1949—Decided February 14, 1949.

Mr. *David Cohn* argued the cause for the plaintiff-appellant.

Mr. *John W. Hand* argued the cause for the defendant-respondent (*Messrs. Evans, Hand and Evans,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of non-suit entered in the Passaic County Circuit Court in an action to recover for personal injuries sustained when the appellant slipped and fell upon an icy sidewalk in front of a factory building allegedly in the control and possession of the respondent. Possession and control were denied in the answer and no proof was offered at the trial with respect thereto. No point is made here of the failure of such proof below.

The complaint is prolix but the acts complained of appear to be that respondent improperly allowed the drains, leaders, sewers, etc., designed to carry off rain and melted snow from the roof, to become broken and in disrepair and to discharge waters on the sidewalk which congealed into ice and that the respondent thereby maintained a nuisance, public and private in character, and that these conditions were known to the respondent who was charged with notice thereof.

It is further alleged that it was the duty of the respondent to see that the sidewalk was at all times maintained in a safe and proper condition, and to see that any defective, dangerous and improper elements thereon were abated and at all times to see that any structural conditions existing in and about said premises were not maintained or assumed by the respondent whether constructed by the respondent or his predecessors in title. The answer was a general denial. We are not aware that any owner of property is burdened with so broad or sweeping a duty. We will confine ourselves to determining whether a cause of action was spelled out by the facts proven below.

The appellant's proof shows she slipped on the icy pavement as she alleged. The sidewalk ran from the curb to the building proper. Attached to the building at different points along its length of about a full block was a series of leaders which ran down the side thereof from the roof gutters, which apparently overhung the sidewalk, and connected with iron pipes which apparently connected with a sewer or other depository. The appellant testified that she worked for a tenant of the building and that for six months prior to the accident in question she had noticed water spraying out of a broken pipe at different

times and that during this period this leader was maintained in the same manner. An expert testified that there was a slit in the leader about seven inches long and a half inch wide up above the second floor and that the leader was a three inch galvanized pipe which had corroded and there were rust stains on it. He also stated that it ran from the roof to the hub of an iron sewer pipe which was about three and a half feet above the sidewalk.

The appellant testified that the sidewalk was quite clear up to the point where she fell, but after falling she saw the ice on the sidewalk and that there was ice on the sides of the leader and pipe.

The trial court, on the motion for a non-suit, held that an owner is only responsible when, for the protection of the public and not for his own exclusive benefit, he tries to carry water either across or under the sidewalk. He found nothing in the testimony to create the inference or conclusion that there was any attempt to carry the water out or under the sidewalk. He held that there was no legal liability under this theory and further held that if plaintiff had used reasonable care she would have seen the ice and that whatever happened was her fault.

The appellant argues that the case here presented is controlled by the decisions of the former Court of Errors and Appeals in *Cavanagh v. Hoboken Land Improvement,* 93 *N. J. L.* 163 *(E. & A.* 1919*); Zwickl v. Broadway Theatre Co.,* 103 *Id.* 604 *(E. & A.* 1927*)* and *Millar v. United Advertising Corp.,* 131 *Id.* 209 *(E. & A.* 1944*).* The rule of these cases is that where the abutting owner constructs a drainage system upon his building consisting of the usual gutters and down leaders, which are in turn connected with a drain under the sidewalk or pipe, for the purpose of preventing such accumulation of rain or snow from running across the sidewalk and freezing, it is to be implied therefrom that the system was designed for the protection of the public user, not solely for the protection and benefit of the owner's property. Thus it was made the test that while the owner is under no duty to construct such a system, once he assumed to do so, he is bound to maintain the system in such a condition that it will perform the function

for which it was in part intended, of protecting the users of the public sidewalk from the dangers of ice, until there is clear and convincing evidence that the abutting owner has abandoned such a purpose.

The respondent argues that the above rule is limited in its application to those situations where the leader connects with a drain or sewer under the sidewalk which empties into the gutter, otherwise the rule of *Jessup v. Bamford Bros.,* 66 *N. J. L.* 641 *(E. & A.* 1901*)* applies.

The rule of the Jessup case, wherein the water seeped and ran through the weepholes of a retaining wall and froze on the sidewalk, is that the owner of land has the right to occupy and improve it, either by changing the surface thereof or erecting buildings or structures thereon, even though the mode of occupation or the improvement by construction thereon will cause the rain or snow falling on its surface or flowing on it from adjacent property, to be diverted and accumulate in larger quantities on the land adjacent thereto. This right is unfettered and cannot be interfered with or restrained by any consideration of injury to others which may be occasioned by the flow of mere surface water, in consequence of the lawful appropriation of land by its owner to a particular use or mode of enjoyment. See also *Bowlsby v. Speer,* 31 *N. J. L.* 351 *(Sup. Ct.* 1865*); Durkes v. Town of Union,* 38 *Id.* 21 *(Sup. Ct.* 1875*); Zamelli v. Trost,* 132 *Id.* 388, aff'd 133 *Id.* 465 *(E. & A.* 1945*); Sullivan v. Browning,* 67 *N. J. Eq.* 391 *(Ch.* 1904*); Lightcap v. Lehigh Valley,* 90 *N. J. L.* 620 *(E. & A.* 1917*); War v. Mazzarella,* 137 *N. J. L.* 736 *(E. & A.* 1948*).*

An owner is under no duty to keep the sidewalk abutting his land free from the natural accumulation of snow and ice. *Sewall v. Fox,* 98 *N. J. L.* 819 *(E. & A.* 1923*).* Nor is he liable, in clearing the sidewalk of snow and ice, unless through his negligence a new element of danger or hazard, other than one caused by natural forces, is added to the safe use of the sidewalk by a pedestrian. *Taggart v. Bouldin,* 111 *N. J. L.* 464, 467 *(E. & A.* 1933*).* This latter case rejected the theory of liability announced in *Aull v. Lee,* 84 *N. J. L.* 155 *(Sup. Ct.* 1913*).*

But all of these cases must be evaluated in the light of the rights of the public and the abutting owner. The ownership in land over which a street has been laid is, for all substantial purposes, in the public, although the owner retains the naked fee to the middle of the street, which on the assertion of the public right is divested of all beneficial interest. The right of the public to use it for safe and public travel is the primary and superior right. *Halsey v. The Rapid Transit St. Rwy. Co.*, 47 *N. J. Eq.* 380, 383 *(Ch.* 1890*)*.

The owner has the continued use of the fee only insofar as it does not interfere with the public user above or below the street. Such a right, however, is also subject to public regulation by law or ordinance. *Ivins v. Trenton*, 68 *N. J. L.* 501, 506 *(Sup. Ct.* 1902*)*; *Bayonne v. North Arlington*, 77 *N. J. Eq.* 166, 169 *(Ch.* 1910*)*, reversed on other grounds, 78 *Id.* 283.

So it has been held that the street and every part of it is so far dedicated to the public that any act or obstruction that unnecessarily incommodes or impedes its lawful use by the public is a nuisance. The traveling public has the right to assume that there is no dangerous impediment or pitfall in any part of it. *Durant v. Palmer*, 29 *N. J. L.* 544, 547 *(E. & A.* 1860*)*.

On this theory an owner who constructs a drain, a grating or a coal hole on a sidewalk, does it subject to the right of safe passage of the public over and along every part of the sidewalk. The owner in making such use of the way is required to do so by a method of construction as not to create a nuisance, but having done so is under a further duty to exercise reasonable care to keep the structure safe for the use of the public. *Young v. National Bank of N. J.*, 118 *N. J. L.* 171, 172 *(E. & A.* 1937*)*, and the cases cited therein.

In *Smith v. Claude Neon Lights, Inc.*, 110 *N. J. L.* 326 *(E. & A.* 1933*)*, a recovery was had on the theory of negligence where a sign fell off a building and injured a boy riding a bicycle on the street below. It has been pointed out where a sign or part of the building projects over the public way, a failure to keep in repair can amount to or create a public nuisance. *Cf. Ivins v. Trenton, supra, p.* 506.

There seems to be, and we hold there is, no valid distinction between a situation where an abutting owner invades and makes use of the public easement for his own exclusive benefit by erecting or installing a drain, grating, coal hole or other device in or under the sidewalk, in which case he is under continuing duty to keep this part of his property in repair so that it will not deteriorate into or create a danger to the public using the sidewalk, and the situation where there is a similar invasion of the public easement for the owner's benefit by the erection and use of devices located over and above the sidewalk which also through neglect can deteriorate to the point where there is created a dangerous condition in the public easement or which becomes the proximate cause creating or producing a dangerous obstruction, impediment or condition in the free and safe use of the sidewalk by the general public. In both instances where there is a breach of this duty the owner is liable to respond in damages.

We have carefully examined the records in the Cavanagh, Zwickl and Millar cases and have found that in each there was an invasion of the public easement by the abutting owner for his own benefit, with an accompanying benefit to the public. We have concluded that the judgments and results reached in those cases are not consistent with the views here expressed except in two particulars. We hold that the duty is one imposed by law and therefore one which cannot be assumed voluntarily by the abutting owner and it follows from this that since the duty is not assumed the question of abandonment does not arise. With respect to the questions of assumption of the duty and abandonment thereof these cases are inconsistent with this opinion and are to that extent overruled.

The rule which we have stated should and does apply to and within the limits of the public easement as established or defined by law or ordinance and within the limits of the sidewalk itself where the owner has impliedly extended the public use by invitation beyond that established or defined by law or ordinance, up to but not past the line of the building proper.

In all other cases or situations where the owner of the property has constructed a system of drains, gutters or leaders to

drain excess water off his structures or property the rule of *Jessup v. Bamford Bros.*, set out above shall apply. It likewise applies in all cases where the owner has not erected any such system.

█ The proofs offered below were sufficient to take the plaintiff by a motion for a non-suit since the system of leaders, gutters and drains were all apparently within the limits of the sidewalk or public easement. A photographic exhibit showed that the sidewalk ran from the gutter to the line of the building proper. In the absence of proof to the contrary, the proofs raised a question of fact for the jury to infer or conclude that an implied invitation was extended by the abutting owner to the public to use all parts of the sidewalk in exercising the right of public user.

█ On the question of contributory negligence or assumption of risk the proofs are radically different with respect to the period of prior observation from those in the Cavanagh case and we are of the opinion a jury question was raised thereby.

The judgment below is reversed and a new trial ordered.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*For affirmance:* None.