**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2525-17T1

JUAN NUNEZ,

    Plaintiff-Appellant,

v.

LOUIS GALLO and LAUREN
GALLO,

    Defendants-Respondents,

and

MARCELLO PETRUZELLA,
SALVATORE PETRUZELLA,
and PATRICIA PETRUZELLA,

    Defendants.

_____

Argued November 14, 2018 – Decided December 31, 2018

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, No. L-0217-16.

Richard LaBarbiera argued the cause for appellant (LaBarbiera & Martinez, attorneys; Richard LaBarbiera, on the brief).

Jerald J. Howarth argued the cause for respondents (Howarth & Associates, LLC, attorneys; Jerald J. Howarth and Purnima D. Ramlakhan, on the brief).

PER CURIAM

Plaintiff Juan Nunez slipped and fell on an icy and snow-covered public sidewalk. He appeals from a January 23, 2018 order granting summary judgment to defendants, who owned the residential home abutting the sidewalk. We affirm. The residential homeowners breached no legal duty to plaintiff because they did not add a new element of danger to the use of the public sidewalk.

I

The material facts are not in dispute and we take them from the summary judgment record, viewing them in the light most favorable to plaintiff. On February 18, 2014, plaintiff slipped, fell, and injured his right knee while delivering a package to defendants' home. Plaintiff was employed by Young Entrepreneur, a company that contracted with FedEx to deliver packages.

From the evening of February 17, 2014, into the morning of February 18, 2014, several inches of snow fell and accumulated on the sidewalk where

plaintiff had his accident. Around 7:15 a.m., defendant Louis Gallo removed the snow from the sidewalk using a shovel and snow blower. Louis Gallo testified that he did not observe any ice in the area where plaintiff fell. He also acknowledged that he did not put down any salt or de-icing compound. Louis Gallo then left for work at approximately 8:45 a.m. while it was still snowing.

Lauren Gallo testified that approximately four to five inches of snow had accumulated before her husband removed the snow from the sidewalk. She explained that after her husband left, the snow continued to fall up until the time plaintiff had his accident at approximately 10 a.m. She also testified that she did not recall seeing ice on the sidewalk.

Plaintiff arrived at defendants' home to make a delivery shortly before 10 a.m. He testified that on the morning of February 18, 2014, he began making deliveries at 8 a.m. while it was lightly snowing. He made approximately twenty deliveries prior to arriving at defendants' residence and when he arrived, it was still snowing. Plaintiff further explained that he retrieved the package to be delivered to defendants' home from his truck and he slipped while carrying the package on the public sidewalk. At his deposition, plaintiff testified that he slipped on ice that was concealed by snow.

A-2525-17T1

Plaintiff remained immobilized for a few minutes on the sidewalk until defendant Lauren Gallo came out to assist him. Plaintiff asked Lauren Gallo to call an ambulance. At the hospital, plaintiff was diagnosed with a dislocated and fractured patella. He underwent surgery and several months of physical therapy.

In January 2016, plaintiff sued defendants alleging negligence. In support of his claim, plaintiff retained Himad Beg, a professional engineer, as a liability expert. Beg opined that plaintiff's fall was caused by a "hidden hazard in the form of ice underneath fresh snow on a public sidewalk, which was uncleared, unsalted and/or unsanded at the time of incident."

Following the completion of discovery, defendants moved for summary judgment and to bar the use of Beg's expert report. In opposition, plaintiff argued that the ice, which caused plaintiff to slip, formed by the melting and refreezing of snow piles created by defendant Louis Gallo in the days prior to plaintiff's fall. Moreover, plaintiff contended that Louis Gallo failed to use salt or any ice melt component on the sidewalk on the morning of plaintiff's fall. The trial court determined, as a matter of law, that defendants had no duty to plaintiff because Louis Gallo's actions in clearing the sidewalk added no new

4

danger or hazard. In making that ruling, the trial judge relied on the holding in Foley v. Ulrich, 50 N.J. 426 (1967).

II

On appeal, plaintiff makes three arguments contending that the trial court erred in granting summary judgment because (1) there were material issues of fact regarding defendants' negligence; (2) the court should have relied upon Tymczyszyn v. Columbus Gardens, 422 N.J. Super. 253 (App. Div. 2011), where we held that a jury could find a public entity acted in a palpably unreasonable manner in removing snow from a sidewalk; and (3) defendants' voluntary undertaking to shovel the public sidewalk exposed them to liability. We are not persuaded by these arguments and we affirm.

In reviewing summary judgment orders, we use a de novo standard of review and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014) (first citing Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014); then citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012)). Accordingly, we determine whether the moving parties have demonstrated there are no genuine disputes as to any material facts and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitled the moving party to judgment as a

A-2525-17T1

matter of law. R. 4:46-2(c); Davis, 219 N.J. at 405-06; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Moreover, in construing the law, our review is plenary. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135-36 (2017) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

To establish negligence, a plaintiff must prove: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Davis, 219 N.J. at 406 (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). A plaintiff bears "the burden of establishing those elements 'by some competent proof.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Davis, 219 N.J. at 406).

Under common law, residential property owners have no duty to clear the snow and ice from public sidewalks abutting their land. Qian v. Toll Bros. Inc., 223 N.J. 124, 135 (2015) (quoting Skupienski v. Maly, 27 N.J. 240, 247 (1958)); Luchejko v. City of Hoboken, 207 N.J. 191, 201 (2011). If a property owner decides to remove snow from a public sidewalk, he or she will not be liable to a person who is injured on the sidewalk "unless through [the owner's] negligence a new element of danger or hazard, other than one caused by natural forces, [was] added to the safe use of the sidewalk by a pedestrian." Luchejko, 207 N.J. at 201 (alterations in original) (quoting Saco v. Hall, 1 N.J. 377, 381 (1949)).

A-2525-17T1

"As such, if a sidewalk had been cleared and the melting snow subsequently froze into a layer of ice, the 'refreeze' would not be an 'element of danger or hazard other than one caused by natural forces.'" Ibid. (quoting Foley v. Ulrich, 94 N.J. Super. 410, 424 (App. Div.) (Kolovsky, J.A.D., dissenting), rev'd, 50 N.J. 426 (1967) (reversing and adopting the Appellate Division dissent by Judge Kolovsky)). Accordingly, residential property owners are encouraged to clear public sidewalks, and they will not be subject to liability unless they create a new danger or hazard other than one caused by natural forces.

Applying these well-established principles of law to the undisputed facts in this case, defendants were entitled to summary judgment. Plaintiff premises his argument principally on the contention that defendants created a greater hazard by shoveling the snow into mounds alongside the public sidewalk, which then melted and refroze on the sidewalk. That is the precise scenario described in Foley, where the Supreme Court declined to find liability. Foley, 94 N.J. Super. at 423-24. In the Appellate Division dissent, adopted by the Supreme Court, Judge Kolovsky reasoned that a residential property owner does not owe a duty to the public where the property owner shovels the snow from the sidewalk, and ice forms on the sidewalk after the shoveled snow melts. Specifically, the judge explained that

> [t]he danger to the safe use of the sidewalk which existed when plaintiff fell was solely that caused by natural forces, the freezing of melting snow, a natural phenomenon which would have occurred if defendants had not shoveled the sidewalk, particularly since defendants' lawn sloped toward the sidewalk.
>
> [Foley, 94 N.J. Super. at 423-24 (Kolovsky, J.A.D., dissenting).]

Plaintiff argues that we should reject the holding in Foley and expand a homeowner's liability for snow removal from a public sidewalk. We reject that position for several reasons. First and foremost, our Supreme Court has repeatedly retained the distinction for premise liability between a residential homeowner and a commercial property owner. See, e.g., Qian, 223 N.J. at 136; Luchejko, 207 N.J. at 201-03. Moreover, public policy supports preserving the current rule because society has an interest in encouraging people to clear public sidewalks and avoiding "the inequity of imposing liability on those who voluntarily do so." Luchejko, 207 N.J. at 201. Finally, although plaintiff suggests that his status as a business invitee warrants the imposition of a heightened duty, this contention is not supported by law. See Cogliati v. Ecco High Frequency Corp., 92 N.J. 402, 415 n.6 (1983) ("The status of the injured as trespasser, licensee, social invitee or business invitee has been a determinant

in defining the owner's duty on private property; such delineation is irrelevant with respect to the pedestrian on the public sidewalk.").

Plaintiff also argues that defendants here were negligent because they failed to apply a de-icer after Louis Gallo cleared the snow from the sidewalk. Defendants did not create any additional hazard by voluntarily shoveling the snow and not applying salt or a de-icing compound. According to plaintiff's theory, the ice was present before Louis Gallo shoveled the snow. Moreover, it is undisputed that after Louis Gallo shoveled the snow, it continued to snow and additional snow accumulated. Consequently, nothing Louis Gallo did created a new danger or hazard. The ice was present under the snow before Louis Gallo shoveled it. The ice was also present under snow that accumulated after Louis Gallo shoveled the public sidewalk.

Plaintiff also relies on our decision in Tymczyszyn to argue that liability should be imposed on defendants here. In Tymczyszyn, a municipal housing authority was found to have a duty to an individual who slipped on a patch of ice on a public sidewalk when that ice was formed by the melting and refreezing from a pile of snow that had been created by the housing authority's snow-clearing activities the previous day. 422 N.J. at 264-65. The holding in Tymczyszyn, however, was predicated on treating the public housing authority

A-2525-17T1

like a commercial landlord. Id. at 263. Moreover, Tymczyszyn is a case involving a public entity and the governing legal standard for the negligent creation of a dangerous condition derived from the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, not common law. See Tymczyszyn, 422 N.J. at 264-65 (citing N.J.S.A. 59:4-2(a)). Accordingly, that case is distinguishable and the controlling case is Foley.

Finally, plaintiff argues that there are material fact disputes that should have precluded summary judgment. Plaintiff fails, however, to identify any material fact disputes. Instead, he makes his argument in conjunction with arguing for an extension of a residential homeowner's liability. A review of the record establishes that the material facts were not in dispute and that defendants were entitled to summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2525-17T1