**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1885-22

MARIA GUARTAN and
JOSE GUARTAN, her husband,

    Plaintiffs-Appellants,

v.

ORTANI PLACE CONDOMINIUM
ASSOCIATION,

    Defendant-Respondent.

_____

Argued February 7, 2024 – Decided March 21, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7193-20.

Paul Francis Darakjian argued the cause for appellants (Lucianna & Lucianna, PA, attorneys; Paul Francis Darakjian, on the briefs).

Renee Catherine Rivas argued the cause for respondent (Law Offices of James H. Rohlfing, attorneys; Renee Catherine Rivas, on the brief).

PER CURIAM

On February 13, 2019, plaintiff Maria Guartan slipped and fell on ice on a public sidewalk abutting a residential condominium complex owned by the members of defendant Ortani Place Condominium Association. Maria Guartan and her husband, plaintiff Jose Guartan, filed a complaint claiming defendant and other fictitiously-named defendants negligently failed to remove snow and ice that had accumulated on the sidewalk and, as a result, plaintiffs suffered injuries and damages. Plaintiffs appeal from an order granting defendant summary judgment. We affirm.

Because this appeal requires that we review a summary judgment order, we summarize the undisputed material facts as gleaned from the motion record and afford all reasonable inferences of fact to plaintiffs as the parties who opposed the summary judgment motion.[1] Harz v. Borough of Spring Lake, 234 N.J. 317, 329 (2018).

In the early evening hours of February 13, 2019, Maria Guartan slipped and fell on a sheet of ice while walking on a sidewalk that abutted the condominium complex in which defendant's members own residences. Maria Guartan suffered injuries from her fall. It had snowed on February 11 and 12,

---

[1] In our summary of the facts, we consider only those facts that were established in the motion record in accordance with Rule 4:46-2.

2019, and snow had accumulated on defendant's property adjacent to the sidewalk. Defendant maintained a short retaining wall on its property near the sidewalk.

The complaint alleged defendant negligently failed to maintain the sidewalk "in a safe and non-hazardous condition . . . by failing to remove" or by "negligently removing snow and ice which [had] accumulated on the sidewalk." Defendant moved for summary judgment, claiming the sidewalk on which Maria Guartan fell was not on the condominium's property but instead was a public sidewalk, and defendant therefore had no liability for injuries caused by the natural occurrence of snow and ice on the sidewalk adjacent to its property.

In opposition to defendant's motion, plaintiffs asserted that it had snowed on the days preceding Maria Guartan's fall, defendant "maintained a retaining wall bordering" its property "and the sidewalk," snow had "accumulated abutting the sidewalk . . . in a mound," "the snow on the incline is elevated and in line to the ice patch that later formed from" melted snow, and "the ice that formed was an artificial condition created by" defendant.

At oral argument on the motion, plaintiffs' counsel informed the court that plaintiffs had abandoned their claim—apparently made in their brief in opposition to defendant's motion—there was a defect in the construction of what

plaintiffs characterized as the retaining wall on defendant's property that caused melting snow to flow onto the sidewalk and freeze. Instead, relying only on two photographs of the alleged location of Maria Guartan's fall, plaintiffs' counsel argued the retaining wall had caused an alleged slope on defendant's property that caused melting snow to flow onto the sidewalk and freeze, and, in doing so, resulted in the ice that caused Maria Guartan's fall.

The court rejected plaintiffs' argument, noting they did not present any evidence the retaining wall "played any part in or causing . . . or exacerbating the freezing condition" on the sidewalk and explaining the photographs on which plaintiffs exclusively relied provided no evidence "the retaining wall was poorly constructed and improperly maintained." The court further determined plaintiffs required expert testimony to support their newly-minted claim the retaining wall caused the pooling of water on the sidewalk that froze.

The court found it was beyond the ken of the average juror to determine the retaining wall "caused ice to form on the sidewalk" based on a review of plaintiffs' only proffered evidence—two photographs of the snow-covered site of Maria Guartan's fall. Thus, the court concluded defendant was entitled to summary judgment because Maria Guartan fell on a public sidewalk and plaintiffs failed to present any evidence that an artificial condition on

defendant's property caused water to flow onto the sidewalk that later froze. The court therefore determined defendant had no liability for plaintiffs' asserted cause of actions and entered an order granting defendant summary judgment. This appeal followed.

"[W]e review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). "The trial court's conclusions of law and application of the law to the facts warrant no deference from a reviewing court." W.J.A. v. D.A., 210 N.J. 229, 238 (2012).

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

While "'genuine' issues of material fact preclude the granting of summary judgment, R. 4:46-2(c), those 'of an insubstantial nature' do not." Brill, 142 N.J. at 530. "An issue of fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); see also R. 4:46-2(c).

Plaintiffs' complaint asserts only that defendant's negligence caused Maria Guartan's fall and plaintiffs' respective injuries and damages. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). It is well established that "it is ordinarily a plaintiff's burden to prove negligence, and that it is never presumed." Khan v. Singh, 200 N.J. 82, 91 (2009).

"A prerequisite to recovery on a negligence theory is a duty owed by defendant to plaintiff." Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988). "[A]t common law, property owners had no duty to clear the snow

6

and ice from public sidewalks abutting their land," Luchejko v. City of Hoboken, 207 N.J. 191, 201 (2011), and were not liable for injuries resulting from clearing a sidewalk "unless through [the owner's] negligence a new element of danger or hazard, other than one caused by natural forces, [was] added to the safe use of the sidewalk by a pedestrian[,]" ibid. (alterations in original) (quoting Saco v. Hall, 1 N.J. 377, 381 (1949)).  Thus, "if a sidewalk had been cleared and the melting snow subsequently froze into a layer of ice, the 'refreeze' would not be an 'element of danger or hazard other than one caused by natural forces.'" Ibid. (quoting Foley v. Ulrich, 94 N.J. Super. 410, 424 (App. Div.) (Kolovsky, J., dissenting), rev'd, 50 N.J. 426 (1967)).  This rule "reflects the societal interest in encouraging people to clear public sidewalks and the inequity of imposing liability on those who voluntarily do so." Ibid.

Plaintiffs acknowledge that residential property owners, including condominium associations, have no duty to maintain public sidewalks abutting their land as long as they do not affirmatively create a hazardous condition.  See id. at 210-11; Gellenthin v. J. & D., Inc., 38 N.J. 341, 353 (1962) (finding a landowner liable for injuries caused by frozen water on a sidewalk resulting from the use of drainpipes to funnel water onto the sidewalk adjacent to its property).  Stated differently, defendant owed a duty to plaintiffs only if it

"create[d] or exacerbate[d] a dangerous sidewalk condition." Luchejko, 207 N.J. at 210.

Plaintiffs claim the motion court erred by failing to recognize that a residential landowner is liable for dangerous sidewalk conditions that are caused by "the owner's actions [to] create an artificial dangerous condition" on the property "abutting the sidewalk." More particularly, plaintiffs argue the retaining wall on defendant's property adjacent to the sidewalk permitted snow to accumulate against it in a mound, thereby facilitating the melting and discharge of the water down an "incline" that froze on the sidewalk.

Plaintiffs rely on Deberjeois v. Schneider, 254 N.J. Super. 694 (L. Div. 1991), aff'd, 260 N.J. Super. 518 (App. Div. 1992), to support their claim the existence of the retaining wall on defendant's property is sufficient to establish a duty on defendant to prevent the icy condition on the sidewalk. We are not persuaded.

In Deberjeois, the question presented was "whether a property owner is liable to a pedestrian who falls on a defective sidewalk where the defect is caused by tree roots coming from a tree located in the front yard of the property." 254 N.J. Super. at 696. The plaintiff had fallen on a public sidewalk that had been raised by roots from a tree on the defendant's property. Ibid. The defendant

8

residential homeowner moved for summary judgment, claiming there was no liability because the roots were the product of a natural process in the growth of a tree, which is no less a naturally occurring matter "than would be a snow fall from the sky or a natural deterioration of the sidewalk." Id. at 697.

The Law Division explained the defendant's liability was dependent on "whether the defect in the sidewalk was caused by a natural condition of the land or by an artificial one." Id. at 698. The court looked to the Restatement (Second) of Torts's meaning of a "natural condition," noting it is "[a] condition of land that has not been changed by any act of a human being, whether the possessor or any of his predecessors in possession" and includes "the natural growth of trees, weeds, and other vegetation upon land not artificially made receptive to them." Id. at 699 (quoting Restatement (Second) of Torts § 363, cmt. (b) (Am. L. Inst. 1965)). This also includes the "natural flow of surface water." Ibid. (quoting Prosser on Torts § 364, at 390 (1st ed. 1941)). The court reasoned that an artificial condition, is "one which comes about as a result of the property owner's affirmative act." Ibid.

The court focused its analysis on whether planting the tree was done by the affirmative act of the defendant property owner, or whether the tree came to be naturally with no human intervention. Id. at 703. In its application of that

analysis, the court found "one might well conclude that a property owner is liable where he grades his land in such a manner so that in a heavy rain, water runs run off onto a sidewalk causing a dangerous condition," and liability stems from "the positive act—affirmative act—of the property owner in the actual planting of the tree which instigated the process." Ibid. The Law Division denied the defendant's motion for summary judgment, ibid., and we affirmed the trial court "substantially for the reasons set forth in" the Law Division's "comprehensive opinion . . . ." Deberjeois, 260 N.J. Super. at 519.

Here, plaintiffs' claim the retaining wall permits a finding of liability against defendant is founded on the faulty assumption that the presence of the retaining wall caused water from melting snow to discharge onto the sidewalk, thereby creating the ice that caused Maria Guartan's fall. But the court in Deberjeois did not hold that mere existence of an artificial condition on property adjacent to a public sideway creates a duty on an adjacent residential landowner. Rather, the Deberjeois court held that a residential property owner owes a duty to pedestrians on an adjacent sidewalk if something that would otherwise be considered a "natural occurrence" was the result of the property owner's affirmative act, like the planting of a tree or construction of a wall. 254 N.J. Super. at 704.

Unlike in <u>Deberjeois</u>, where there was no dispute the roots of the tree on the defendant's property caused the raised sidewalk that precipitated Maria Guartan's fall, plaintiffs here failed to present any competent evidence the retaining wall caused any water to flow onto the sidewalk in a manner different than would have occurred due to a "natural occurrence." Plaintiffs' only proofs concerning the alleged cause of the ice on the sidewalk offered in opposition to the summary judgment motion were two photographs of the snow-covered area where Maria Guartan fell and two weather reports detailing the snowfall on the two days preceding her fall.[2] The pictures show snow atop the short retaining wall, but plaintiffs otherwise did not present any evidence as to the effect, if any, of the retaining wall on the drainage of the melting snow, and plaintiffs did not present any competent evidence establishing that the retaining wall in any manner contributed to the flow of water that was frozen on the sidewalk.

The failure to provide such evidence required the entry of summary judgment in defendant's favor. That is because to survive summary judgment, plaintiffs were required to establish their negligence claim was "viable." <u>Cortez</u>

---

[2] We also observe that even if it could be correctly inferred that the retaining wall caused water to flow onto the sidewalk in a manner inconsistent with a natural occurrence, the record is devoid of any evidence that flow of water caused the ice on which Maria Guartan fell.

A-1885-22

v. Gindhart, 435 N.J. Super. 589, 598 (App. Div. 2014). "To defeat a motion for summary judgment, the opponent must 'come forward with evidence' that creates a genuine issue of material fact." Id. at 605 (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "'Competent opposition requires "competent evidential material" beyond mere "speculation" and "fanciful arguments."'" Ibid. (quoting Hoffman v. AsSeenOnTV.com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)).

Here, plaintiffs' claim the retaining wall played a role in an alleged flow of melting snow onto the sidewalk that later froze and caused Maria Guartan's fall is supported by nothing more than photographs showing a snow-covered accident scene and the arguments of counsel made in opposition to defendant's summary judgment motion. Neither is enough to sustain plaintiffs' burden of establishing the retaining wall contributed to the creation of the ice on the sidewalk plaintiffs claimed caused Maria Guartan's fall. See Cortez, 435 N.J. Super. at 605. For that reason alone, the court correctly granted defendant's summary judgment motion.

Moreover, the court correctly determined plaintiffs' claim failed for the separate but equally dispositive reason that to sustain their burden, plaintiffs required expert testimony establishing the retaining wall caused the water to

12

flow in a such a manner that it resulted in the pooling of the water on the sidewalk that froze and caused Maria Guartan's fall. In response to defendant's motion, plaintiffs bore the burden of demonstrating either causation or a genuine issue of material fact as to whether the retaining wall caused the water to flow onto the sidewalk. See D'Alessandro v. Hartzel, 422 N.J. Super. 575, 580-81 (App. Div. 2011) (affirming summary judgment for the defendant where the plaintiff "offered no proof that the condition of which she complain[ed] was dangerous or involved an unreasonable risk of physical harm to visitors" and the plaintiff's claim was "without some form of evidentiary support").

In our view, competent evidence from an expert was required to satisfy plaintiffs' burden—based on their singular negligence theory—of establishing the retaining wall affected the otherwise natural water flow on the property such that it caused the ice on which Maria Guartan fell. See State v. Fortin, 189 N.J. 579, 596 (2007) (noting expert testimony is "required . . . to explain complex matters that would fall beyond the ken of the ordinary juror" or are otherwise not common knowledge). It is simply beyond the ken of the average juror to determine the effect of the retaining wall, if any, on the otherwise natural flow of water on property adjacent to the sidewalk such that the flow of water from the melting snow caused the ice on the sidewalk. Thus, plaintiffs' failure to

13

submit any competent evidence from an expert establishing the retaining wall caused the ice on the sidewalk required summary judgment in defendant's favor.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION